FREDERICUS HAMER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 16, 1903.*

1. STATUTES—*rule requiring strict construction of penal act must not be unreasonably applied.* The rule requiring strict construction of a penal statute must not be given such unreasonable application as to defeat the true intent of the enactment.

2. DRAM-SHOPS—*purpose of provision relating to the sale of liquor to minors.* The purpose of the provision in section 6 of the Dramshop act prohibiting the sale of intoxicating liquors to any minor without the written order of his parent, guardian or physician, is to regulate the use of intoxicating liquor by a minor according to the judgment of such parent, guardian or physician.

3. SAME—*when written order of parent is void as abrogating the law.* A written order to a saloon-keeper to let a minor "have what he wants to drink," although signed by the minor's parent, is not admissible in evidence in a prosecution of the saloon-keeper for selling to such minor intoxicants, since it substitutes the discretion of the minor for that of the parent, and abrogates the statute.

*Hamer* v. *People,* 104 Ill. App. 555, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Ford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

PAYSON & KESSLER, and C. S. SCHNEIDER, for plaintiff in error.

H. J. HAMLIN, Attorney General, and A. L. PHILLIPS, State's Attorney, (GEORGE B. GILLESPIE, of counsel,) for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiff in error was convicted in the circuit court of Ford county of the offense of selling intoxicating liquor to five minors, two of them being Edward Jordan and Charles Robbins. The Appellate Court for the Third District affirmed the judgment of conviction,

and this writ of error was sued out to obtain a review of the record in this court.

That the plaintiff in error made the sales of intoxicating liquor to the minors was proven without dispute. The defense sought to be made was as to the sales made to said Edward Jordan and Charles Robbins, it being contended that the sales to each of these boys were on the written order of his parent or parents.

The plaintiff in error offered, but the court refused to receive in evidence, an instrument in writing signed by the father of said minor Edward Jordan, as follows:

"*Mr. Fred Hamer*—Please let my son Ed have what he wants.
C. A. JORDAN."

And the court also refused to permit to be given in evidence an instrument in writing signed by the father and mother of said Charles Robbins, viz.:

"*Mr. Hamer*—Let Charley Robbins have what he wants to drink until you hear from us.        MR. LEVIN ROBBINS,
MRS. L. ROBBINS."

The refusal of the court to admit these writings is the only alleged error assigned as ground for reversal. We think they were each properly excluded. Section 6 of chapter 43, entitled "An act to provide for the licensing of and against the evils arising from the sale of intoxicating liquors," (2 Starr & Cur. Stat. 1896, p. 1590,) commonly called the Dram-shop act, is as follows: "Whoever, by himself, or his agent or servant, shall sell or give intoxicating liquor to any minor without the written order of his parent, guardian, or family physician, or to any person intoxicated, or who is in the habit of getting intoxicated, shall, for each offense, be fined not less than twenty dollars ($20), nor more than one hundred dollars ($100), or imprisoned in the county jail not less than ten nor more than thirty days, or both, according to the nature of the offense: *Provided*, this act shall not affect any prosecution pending at the time this act takes effect, but in every such prosecution the accused shall, upon con-

viction be punished in the same manner in all respects as if this act had not been passed."

The title to the act declares the design of the legislation is to provide against the evils arising from the sale of intoxicating liquors. Section 6 of the act discloses that it was the legislative view that the use of intoxicating liquors by those who were incapable of appreciating the evils resulting from the use or abuse of such intoxicants should be abridged and controlled. Said section specifies three classes of persons deemed so incapable, and to whom those licensed under other provisions of the act to sell intoxicants should not be permitted to sell or give intoxicating liquors. The three classes of persons so regarded as incompetent to determine for themselves whether they may indulge in intoxicating liquors are (1) minors; (2) persons who are at the time intoxicated; and (3) those who are in the habit of getting intoxicated. The section prohibits sales to persons of the first class (minors) at all times other than when the parent, guardian or family physician of the minor shall deem it proper or necessary that the minor should drink intoxicating liquor, and shall, in writing, authorize the minor to be supplied with the same. The statute was enacted on the theory that these classes of persons are not capable to determine for themselves when they should partake of intoxicating drinks. The prime purpose of this statute, so far as it relates to minors, is to prevent them from indulging in the use of intoxicating liquors when or as often as prompted by their appetites or desires to do so, and to control them in such indulgence according to the more mature judgment and discretion of their parents, guardian or family physician. The written instruments here relied upon abdicate all right and duty of parental restraint, and purport to confer on the boys complete right to determine for themselves how frequently they should partake of intoxicants. The statute denies such right or privilege to the minors, and the

law cannot be abrogated by the written direction of their parents. The written orders were properly excluded.

It is urged the statute is highly penal in character; that violations of its provisions are to be punished by heavy fines or imprisonment, or both, and that it is the long established rule of construction that all such statutes shall be construed strictly; that the statute only requires the written order of the parent to authorize a sale to the minor, and that to construe the act to require a special or particular kind of an order is to depart from the precise words employed and to interpolate other words therein, and give the enactment a liberal construction against one charged with its violation. We recognize as a cardinal rule that penal statutes are to be strictly construed, but as was said by Justice Swayne in *United States* v. *Hartwell*, 6 Wall. 395: "Whenever the rule is invoked it comes attended with qualifications and other rules not less important. It is by the light which each contributes that the judgment of the court is to be made up." The object of construing penal and all other statutes is to discover and give effect to the true legislative intent, and the rule requiring strict construction of penal statutes is not to be applied with such unreasonable strictness as to defeat the true intent and meaning of the enactment. (*Meadowcroft* v. *People*, 163 Ill. 56; 23 Am. & Eng. Ency. of Law,—1st ed.—377, and many cases cited in note 2.) "The rule that statutes of this class are to be construed strictly is far from being a rigid and unbending one, or, rather, it has in modern times been so modified and explained away as to mean little more than that penal provisions, like all others, are to be fairly construed according to the legislative intent as expressed in the enactment." (Sedgwick on Construction of Statutes, 282.) The fundamental consideration is to ascertain and give effect to the legislative intention, and it has become axiomatic that that which is "within the intention is within the statute though not within the

letter." The requirement that a strict construction shall be given to penal enactments does not here prevent the operation of the intent of the law-making body.

The judgment must be and is affirmed.

*Judgment affirmed.*