THE AMERICAN CAR AND FOUNDRY COMPANY

*v.*

KOSS ARMENTRAUT.

*Opinion filed February 21, 1905—Rehearing denied April 6, 1905.*

1. CHILD LABOR—*employer's liability where a child unlawfully employed is injured.* If a child under fourteen years old, employed in violation of the Child Labor law of 1903, is injured, while doing the work he is directed to do by his employer, by the machinery with which he is working, the employer is liable, irrespective of the question of the contributory negligence of the child.

2. SAME—*employer must ascertain age of a child.* In order to avoid a violation of the Child Labor act of 1903 the employer must ascertain, at his peril, that the persons he employs are those whom he may lawfully employ under the statute,

3. SAME—*effect of child's misrepresentation of his age.* The fact that a child employed by a manufacturing company falsely represented himself to be over fourteen years old does not preclude him from maintaining an action to recover for an injury resulting from his unlawful employment nor furnish a defense for his employer.

APPEAL, from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

This was an action of trespass on the case, brought in the circuit court of Madison county by Koss Armentraut, a minor, by his next friend, against the American Car and Foundry Company, to recover damages for a personal injury to the plaintiff, inflicted upon him while working for the defendant. The declaration consisted of one count, which alleged that the plaintiff was under the age of fourteen years, and that his employment by the defendant was wrongful and negligent and was the proximate cause of the injury; that he was working with a certain machine in obedience to the commands and instructions of the defendant's foreman, and while so engaged his right arm was caught in the machine and was broken. Defendant's plea was the general issue. The jury returned a verdict in favor of plaintiff for $1800. After overruling the defendant's motion for a new trial, the court rendered judgment upon the verdict. Defendant appealed to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed, and it now prosecutes a further appeal to this court.

The evidence tends to prove that on March 9, 1903, the plaintiff applied to the defendant for work in its shops at Madison, in Madison county. He was put to work at a machine used for cutting threads in taps. The foreman showed him how to operate the machine, and after watching the plaintiff use it for a short time, left him. The drill of the machine which cuts the threads, is held in place, while being

used, by set-screws extending out about one-half inch from the spindle of the machine. These set-screws revolve with the drill at a rate of from seventy-five to one hundred revolutions per minute. The machine is started and stopped by means of a lever on the left-hand side of the machine, and the left hand of the operator is used for operating that lever. Several taps are placed in a box on the machine below the drill while the machine is standing still. The machine is then started and the drill is lowered, in order to bring it down to the box of taps, by a lever on the right-hand side of the machine. The right hand of the operator is used for operating that lever. When the drill has gone through and cut threads in all the taps in the box, the drill is then raised by operating the right-hand lever, the machine is stopped by operating the left-hand lever, and the taps are taken off the drill. The same operation is repeated for each succeeding box of taps to be threaded.

About an hour and a half after the plaintiff had started to work at the machine, and while attempting to operate one of the levers the set-screws holding the drill in the spindle caught the right sleeve of the plaintiff's coat and twisted his right arm until it was broken.

Plaintiff at the time of the injury was but twelve years old. Some of defendant's employees, including the foreman, testified that plaintiff stated when he applied for work that he was sixteen years of age. Plaintiff, however, denied making any such statement.

At the close of plaintiff's case, and again at the close of all the evidence, the defendant moved the court to give to the jury a written instruction to find the defendant not guilty. The court overruled the motion and refused the instruction in each instance. The refusal of the peremptory instruction offered at the close of all the evidence is assigned as error. Other assignments question the action of the court in giving one instruction offered by the plaintiff, and in refusing instructions offered by the defendant.

McKEIGHAN & WATTS, and WISE & McNULTY, for appellant.

WEBB & WEBB, and BURTON & WHEELER, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action is brought under section 33 of chapter 48, Hurd's Revised Statutes of 1903, which provides: "That no child under the age of fourteen years shall be employed, permitted or suffered to work for wages at any gainful occupation hereinafter mentioned;" and working in a manufacturing establishment is among the occupations thereafter mentioned in that statute.

It is urged that the court should have directed a verdict, because the evidence failed to show that the plaintiff was in the exercise of ordinary care for his personal safety at the time of the accident, and this presents the question whether contributory negligence, under the circumstances of this case, is a defense to an action brought under the statute above quoted.

Plaintiff was a mere child. He was set to work on a dangerous machine. He was told how to operate it, but the perils of the employment were not pointed out to him. One of the purposes of the statute is to protect children from the effects of their own immaturity, inexperience and heedlessness. The result of appellant's reasoning, followed to its logical conclusion, is that inasmuch as appellant violated the statute, the purpose thereof, which we have just mentioned, is thereby defeated, and that appellee, having been guilty of contributory negligence, has no more right to recover than if the statute did not exist. To this conclusion we cannot yield our assent. So long as the child continued in the performance of the work he had been directed to do, appellant would be liable for any injury resulting to him, even though the negligence of the child may have contributed to the accident. If the child left the task which he had been directed

to perform, and, while not engaged in doing work which he had been directed to do by his master, was injured through an accident to which his own negligence contributed while he was still in or upon the premises of the master, a different question would present itself.

We have been referred to a large number of cases by appellant holding that contributory negligence is a defense in cases where the master has been engaged in operating some appliance the use of which was forbidden by statute, or where the master has failed to use some safety appliance the use of which was required by statute, and injury has resulted to the servant. The distinction is that in those cases the employment of the servant was lawful. Here the employment was unlawful. The injury resulted from the unlawful employment and while appellee was engaged in doing the precise thing that appellant directed him to do. To hold that contributory. negligence under such circumstances is a defense, would be to defeat one purpose of the statute.

Appellant complains of the only instruction given on behalf of appellee, which was substantially in the language of the statute, and was, we think, unobjectionable.

Evidence offered by appellant tended to show that at the time the boy was employed he stated that he was sixteen years of age. Appellee denied this. The appellant offered to prove that if the boy had correctly stated his age, he would not have been employed. The evidence so offered was excluded, and appellant asked instructions to the effect that if the boy falsely represented at the time of his employment that he was sixteen years of age, and that he obtained his employment by reason of such false statement, there could be no recovery. These instructions were refused, and it is argued that the appellant was not liable unless it appeared that it had knowingly violated this statute.

The Dram-shop act forbids the sale of intoxicating liquors to minors. This court has held, under that statute, that it is immaterial whether the dram-shop keeper knew the pur-

214—33

chaser to be a minor, and that it is no answer to say that the seller may be imposed upon and made to suffer the penalties of the law when he had no intention to violate its provisions. (*McCutcheon* v. *People,* 69 Ill. 601.) The reasoning which led to that conclusion obtains here. Appellant was, by the statute, permitted to employ in its shops only persons above the age of fourteen years. It must ascertain, at its peril, that the persons it employs are members of the class of persons it may lawfully employ.

Appellant also questions the refusal of an instruction to the effect that if the appellee, knowing that he was under the age of fourteen years, obtained his employment by falsely representing that he was sixteen years of age, he cannot take advantage of his false statement and recover in this action, and it is said that this instruction should have been given, on the theory that the law will not permit a plaintiff to recover where his own unlawful act concurs in causing the injury of which he complains.

This doctrine is not applicable, for the reason that the statute under consideration is aimed at the master and not at the servant. The act of the child in accepting or entering into the employment is not unlawful. Moreover, if the child's statement to the effect that he was above the age of sixteen would constitute a defense, the law could never be enforced in any case where the child was willing to make a false statement in reference to his age for the purpose of obtaining the employment.

The object of this statute was to entirely prevent the employment of children under the age of fourteen in the occupations named therein, and it should be given a construction that will effectuate that purpose, if that end can be attained, as we think it can, without doing violence to the letter of the enactment. *Hamer* v. *People,* 205 Ill. 570; *Zellers* v. *White,* 208 id. 518.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*