# Helmbacher Forge & Rolling Mills Company v. William Garrett, by next friend.

1.  EXTRA HAZARDOUS EMPLOYMENT—*when recovery sustained in action arising by reason of.* Held, that the jury were justified in finding that the plaintiff was under sixteen years of age, was set to do extra hazardous work within the meaning of the statute, was injured while engaged at such work, and that a recovery could not be defeated in such case by either the defense of assumed risk or that of contributory negligence.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

WISE & McNULTY and McKEIGHAN & WATTS, for appellant.

WEBB & WEBB and BURTON & WHEELER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Madison County, by appellee against appellant, to recover damages for a personal injury sustained by appellee while in the service of appellant as a "cinder monkey," in connection with the operation of the iron and steel melting department of its business. Trial by jury. Verdict and judgment in favor of appellee for $1,500.

The declaration consisted of four counts. The fourth is based on the statute of 1897. Counsel for appellant abstract it as follows: "The fourth count alleges that on the 27th day of May, 1903, the defendant operated a certain manufacturing establishment for the manufacture of iron and steel products for sale on the market. That it was unlawful for the defendant to employ any child under the age of sixteen years at such extra-hazardous employment whereby its life or limb is in danger, but the defendant employed plaintiff and placed him at work in its manufacturing establish-

Helmbacher Forge & Rolling Mills Co. v. Garrett.

ment, at such extra hazardous employment, whereby plaint-
iff's life and limb were in danger in this, that it required
the plaintiff to remove from certain basins a lot of dross in
a molten condition. The plaintiff was under the age of
sixteen years, and while attempting to remove said dross,
the same exploded and burned both of his feet, permanently
injuring him. That his injuries directly resulted from said
wrongful and unlawful employment, and said wrongful and
unlawful employment was the approximate cause of his in-
juries."

The statute is as follows: "No child under the age of six-
teen years shall be employed, or permitted or suffered to
work by any person, firm, or corporation in this state at such
extra-hazardous employment whereby its life or limb is in
danger, or its health is likely to be injured, or its morals may
be depraved."

Appellant was engaged in the business of melting iron and
steel, and had employed appellee and put him to work in
its "cinder gang." In the process of melting, dross or slag
is formed into what are called "cinder clods:" and on the
occasion of appellee's injury a cinder clod exploded or burst
and a lot of molten metal ran from the inside onto his feet
and into his shoes and very seriously burned both his feet.

Counsel for appellant base their claim for a reversal upon
three propositions. First, appellee must recover, if at all,
upon the allegations of his declaration, and they claim there
is no evidence in the record tending to prove any count of the
declaration; second, that appellee, from his own knowledge
or experience, understood and appreciated the dangers, and
in such case must be held to have assumed the risk, notwith-
standing the fact that he was under the age of sixteen years;
third, that appellee was guilty of contributory negligence,
and that contributory negligence is a defense to the action set
up in the fourth count of the declaration.

It is insisted in support of the first proposition, that "there
is no evidence that the cinder clod exploded." Counsel say
in their statement of the case: "A hole burst in the side of
the clod, a part of the side fell out." One witness in speak-

ing of it said it "exploded," and in another place he said, "when it broke, the molten iron appeared to jump out." Appellee said it "burst," and in another place said, "I had shoes on my feet at the time, and it got in my shoes." And another witness said: "I saw a hole in there that was very bright, and I heard it sound like a fuse." The words "explode" and "burst," in the sense in which they must be understood, at this point, in the present state of the record before us, are practically synonymous. Burst means, as defined in Webster, "A sudden breaking forth; an explosion." An explosion is defined to be, "A discharge; an outburst."

And they say, "there is no evidence which tends to prove that appellee was required to remove dross in a molten condition." The undisputed evidence is, that the contents of the cinder clod was always molten at the time it was being moved. The molten mass flowed out from the furnaces into a basin, and as it cooled, formed the clod. In cooling it formed a crust on the outside, and they were required to move it as soon as the crust was thick enough to bear handling, while the inside was still in a molten state. To bear handling the crust must be only about three inches thick.

The jury was abundantly warranted in finding that appellee was under sixteen years of age; that the work he was set to do was an extra-hazardous employment, within the meaning of the statute; that he was injured while in that employment, and that such employment was the proximate cause of his injuries.

The two remaining questions, we think, are clearly determined by our Supreme Court, in American Car and Foundry Company vs. Koss Armentraut, by next friend, 214 Ill. 509, affirming 116 App. 121. There the court in effect holds that neither the law of assumed risk, nor that of contributory negligence applies in cases of this kind.

The judgment of the Circuit Court is affirmed.

*Affirmed.*