## William Lostutter by Margaret Lostutter, Appellant, v. Brown Shoe Company, Appellee.

## Gen. No. 6,317.

1. WORKMEN'S COMPENSATION ACT, § 4*—*what minors are included within.* The second paragraph of section 5 of the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], including within that act "minors who are legally permitted to work under the laws of the State," includes only minors who can legally perform the work under the laws of the State, and does not include a minor who cannot legally perform work under the Child Labor Act.

2. STATUTES, § 152*—*when statute deemed not to repeal conflicting statute by implication.* The repeal of a statute by implication is not favored, and where two acts of the Legislature come in question unless they are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it, the later statute will not be considered as operating to repeal the former by implication.

3. WORKMEN'S COMPENSATION ACT, § 1*—*as not repealing any part of Child Labor Act.* No legislative intent is anywhere apparent in the provisions of the Workmen's Compensation Act to repeal or abrogate any part of the Child Labor Act, nor any conflict in the legitimate operation of both acts, and the object and purpose for which each act was passed can be fully effectuated by allowing both acts to remain in full force.

4. MASTER AND SERVANT, § 22*—*how Child Labor Act should be construed.* The Child Labor Act was passed to prevent absolutely the employment of children in the prohibited occupations named therein, and such construction should be given it by the courts as will effectuate such purpose if it can consistently be done.

5. MASTER AND SERVANT, § 22*—*what is duty of employers as to employment of children within Child Labor Act.* Those who are liable under the provisions of the Child Labor Act are bound at their peril to see that children are not employed contrary to its provisions.

6. WORKMEN'S COMPENSATION ACT—*what are rights of minors illegally employed within Child Labor Act to compensation under.* Compensation for injuries received by a minor while engaged in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work contrary to the provisions of the Child Labor Act is not recoverable under the Workmen's Compensation Act.

CARNES, J., dissenting.

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 12, 1916.

JOHN P. DEVINE, for appellant.

W. G. SHOCKEY and CLYDE SMITH, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was instituted by Margaret Lostutter as next friend of the appellant, William Lostutter, who is a minor under sixteen years of age, to recover damages for personal injuries received by him while employed in the factory of appellee, the Brown Shoe Company, alleging such employment to be in violation of the provisions of the Child Labor Act. It is alleged in the declaration, which contains two counts, that appellee was operating a certain shoe manufacturing establishment; and that it unlawfully employed the appellant, he being a minor under the age of sixteen years, to work and operate a machine known as a leveling machine, which is propelled by steam power; that the work of operating this leveling machine was dangerous employment, and that the appellant's life and limbs were thereby endangered; that while he was thus operating the machine in question his left thumb came in contact with a part of the machine, and was drawn into it, and that it was thereby lacerated, and compound dislocation of the first and second joints were caused thereby; and that by reason of the injuries the minor suffered the loss of the use of the thumb, and his damages are laid at $3,000.

The appellee entered a special appearance in the

case and moved the court to dismiss it for want of jurisdiction; and the motion was sustained, and the court ordered the cause dismissed, and rendered judgment against the appellant for costs of suit, from which order and judgment the appellant prosecutes this appeal.

Section 11 of the Child Labor Act (J. & A. ¶ 5317), prohibits the employment of a child under the age of sixteen years, in any employment that may be considered dangerous to its life or limbs, or where its health may be injured or its morals depraved. It is contended by appellee that the appellant, William Lostutter, who is conceded to be a minor over fourteen and under sixteen years of age, was at work in its factory, under the provisions of the Workmen's Compensation Act of 1913; and that by virtue of the provisions of paragraph 2 of section 5 of that Act [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], he could lawfully be employed to perform the labor at which he was engaged at the time of his injuries.

The question therefore involved in this appeal, and presented for our decision, is whether the Workmen's Compensation Act was intended to, and did in effect, by the language employed in the paragraph mentioned, repeal or abrogate the provisions of the Child Labor Act, to the extent that children under the age of sixteen, who were over the age of fourteen, could be legally employed at work is considered dangerous to their lives or limbs. If children who come within the age limit mentioned may thus be employed, by virtue of the Workmen's Compensation Act, then the judgment of the court below in dismissing the case for want of jurisdiction is correct, and the compensation to which the appellant is entitled for the injuries received should have been fixed by and in accordance with the provisions of the Workmen's Compensation Act; if, however, the Compensation Act does not legal-

ize appellant's employment, then it is well settled that a cause of action accrued to appellant under the allegations of the declaration, and the court had jurisdiction of the subject-matter of the suit. (*Purtell v. Philadelphia & R. Coal & Iron Co.*, 256 Ill. 110; *Beauchamp v. Sturges & Burn Mfg. Co.*, 250 Ill. 303; *American Car & Foundry Co. v. Armentraut*, 214 Ill. 509.)

The language of the second paragraph of section 5 of the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], under which it is claimed by appellee that the minor in question could be employed, is as follows: "Every person in the service of another, under any contract for hire, express or implied, oral or written, including aliens and minors who are legally permitted to work under the laws of the State, who for the purposes of this act shall be considered the same, and have the same power to contract, receive payments and give acquittances therefor as adult employee  *  *  *." It is contended by the appellee that the clause "minors who are legally permitted to work under the laws of the State," in the foregoing paragraph, should be construed to mean that minors over the age of fourteen years, because they are legally permitted to work at some kind of employment, come within the class of minors which is considered as embraced within the provisions of the act. While this may be true, in regard to work which such minors are permitted to perform under the laws of the State, it does not follow that they may be considered as coming within its provisions with reference to work which the law prohibits.

The clause "legally permitted to work under the laws of the State" must necessarily have reference to the work which the minors are to perform under the Compensation Act; in other words, it must be considered as including the minors who can legally perform the work under the laws of the State, at which they

are employed, under the operation of the Compensation Act. It does not appear reasonable that minors, because they are legally permitted to work at some kind of work, under the laws of the State, that therefore under the provisions of the Workmen's Compensation Act, they may also be employed at work which is unlawful under the Child Labor Act.

It is not claimed that there is a direct repeal of the provisions of the Child Labor Act in question. If there is a repeal or abrogation of any part of the act, it must therefore be by implication. The repeal of a statute by implication is not favored; and unless, where two acts of the Legislature come in question, they are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former, plainly indicating an intention to repeal it, the later statute will not be considered as operating to repeal the former by implication. (*Holton v. Daly,* 106 Ill. 131; *Village of Ridgway v. Gallatin County,* 181 Ill. 521.) Under this rule of construction, even where statutes which are seemingly repugnant, the later statute is not regarded as operating to repeal the former, unless the provisions of the later one be clearly inconsistent with the former, and plainly indicate an intention to repeal it.

No legislative intent is anywhere apparent in the provisions of the Workmen's Compensation Act, to repeal or abrogate any part of the provisions of the Child Labor Act; and the legitimate operation of the Workmen's Compensation Act does not necessarily interfere with the operation of the Child Labor Act; and there is therefore no conflict between the two acts; the object and purpose for which each act was passed can be fully effectuated by allowing both acts to remain in full force.

Our Supreme Court has repeatedly expressed the legislative purpose in the passage of the Child Labor

Act of 1903 (J. & A. ¶ 5307 *et seq.*), and emphasized that it was passed to prevent, absolutely, the employment of children in the prohibited occupations named therein and that such a construction should be given this act by the courts as will effectuate its purpose, if it can consistently be done. (*Purtell v. Philadelphia & R. Coal & Iron Co., supra; American Car & Foundry Co. v. Armentraut, supra.*) · Those who are liable under the provisions of the act referred to are bound, at their peril, to see that children are not employed contrary to its provisions. (*Strafford v. Republic Iron & Steel Co.*, 238 Ill. 371; *Beauchamp v. Sturges & Burn Mfg. Co., supra.*) As was said by Justice Carter in *Purtell v. Philadelphia & R. Coal & Iron Co., supra:* "It is the child's working that is prohibited by the statute and not his hiring."

Adopting the rule of construction universally adhered to by the courts of review in this State, we must hold that both of the statutes in question remain in full force and operation and that minors, though they may be considered as having adopted the provisions of the Workmen's Compensation Act, concerning the work they are legally permitted to perform, cannot be considered as having adopted it for the purpose of performing work which is prohibited by law; and, therefore, compensation for injuries which they receive while engaged in the unlawful work cannot be recovered under the provisions of such act.

We are aware that the Supreme Court of Wisconsin has placed a somewhat different construction upon similar language concerning minors' employment, under the Workmen's Compensation Act of that State; but the construction there adopted appears to us to be contrary to the well-recognized rule of construction prevailing in this State, and clearly in conflict with the legislative purposes embodied in the statutes under consideration.

The judgment is therefore reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*

Mr. Justice Carnes dissenting. The only case directly in point that has come to my attention is *Foth v. Macomber & Whyte Rope Co.*, 161 Wis. 549. The conclusion of that court that their Workmen's Compensation Act applied in a similar case under similar statutes is not based on the repeal of one of the statutes. I do not understand that a question of the repeal of our Child Labor Act is involved in this case. I am of the opinion that in the absence of other direct authority we should follow the reasoning of the Wisconsin case and affirm the judgment and permit the parties to obtain the decision of the Supreme Court on the controlling question, which is one of great general importance, without incurring the necessary expense and delay of a jury trial.