Aloizy Roszek, by Frank Roszek, Appellee, v. Bauerle & Stark Company, Appellant.

Gen. No. 22,801.

1. WORKMEN'S COMPENSATION ACT, § 4*—*when is minor legally permitted to work.* In a personal injury case brought on behalf of a minor, who was fifteen years old at the time of being injured, while operating a sandpaper machine in the factory of the defendant, where the defendant filed a special plea alleging that both parties were under the Workmen's Compensation Act of 1913, and a demurrer was sustained and the defendant elected to stand by the plea, section 1 of the Children's Employment Act of 1897 (J. & A. ¶ 5307), prohibiting children under fourteen to work in factories, and section 11 of the Act of 1903 of the Child Labor Act (J. & A. ¶ 5317), prohibiting children under sixteen from operating certain specified machines, including sandpaper machines, considered in connection with section 5 of the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], defining as employees "minors who are legally permitted to work under the laws of this State," and *held* that under such statutes, and applying the words of the Compensation Act literally, plaintiff was "legally permitted to work" in the defendant's factory, and that as both plaintiff and defendant were under the Workmen's Compensation Act of 1913, the trial court did not have jurisdiction.

2. WORKMEN'S COMPENSATION ACT, § 1*—*what is purpose of.* It is contrary to the spirit of the Workmen's Compensation Act to relate the amount of compensation to the precise act which occasioned the injury, as the purpose of the act does not rest on the theory of negligence, but on the theory that the injuries to workmen and deaths caused by accidents in any business should be regarded as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a part of the expense of the business and should be borne by such business.

3. WORKMEN'S COMPENSATION ACT, § 4*—*when minor is legally permitted to work.* A minor aged fifteen years, who was injured while working at a sandpaper machine in a factory, which was forbidden him under section 11 of the Act of July 1, 1903, of the Child Labor Act (J. & A. ¶ 5317), *held* to nevertheless have been "legally permitted to work" under section 5 of the Workmen's Compensation Act of 1913 [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], and to have been thus under the act, although injured through a violation of the statute.

4. WORKMEN'S COMPENSATION ACT, § 4*—*what minors are legally permitted to do work.* Section 5 of the Workmen's Compensation Act of 1913 [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], defining as employees "minors who are legally permitted to do work under the laws of this State," construed and *held* that in the absence of restrictive words conditioning the work of minors to that special kind permitted to them, eligible minors doing any kind of work in a lawful place of employment were included.

5. WORKMEN'S COMPENSATION ACT, § 4*—*when contention that no contract of employment exists for application of act is untenable.* In an action in tort in behalf of a minor fifteen years old who was injured while at work on a sandpaper machine, which was contrary to section 11 of the Child Labor Act of 1903 (J. & A. ¶ 5317), where a special plea was filed alleging that such minor was under the Workmen's Compensation Act, and plaintiff contended that, as section 1 of the Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(1)] provided that every employee "as a part of his contract of hiring" should be deemed to have accepted the provisions of the act and to be bound thereby, the plaintiff's work being unlawful, could not have been the subject of a lawful contract of hiring, and that therefore there was no contract and the act did not apply, *held* that such contention was untenable.

DEVER, J., dissenting.

ON PETITION FOR REHEARING.

APPEAL AND ERROR, § 1157*—*when argument in petition for rehearing is improper.* Argument of points for the first time in a petition for rehearing is in violation of the rules relating to such petitions.

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed April 16, 1917. Re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hearing denied April 30, 1917.    Supplemental opinion on petition for rehearing filed May 1, 1917.

Fyffe, Ryner & Dale, for appellant.

David K. Tone and F. A. Rockhold, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff, a minor, while employed by defendant was injured. He brought a common-law action in tort, and upon trial had a verdict and judgment for $3,000, from which defendant appeals.

The declaration avers that at the time of the injury plaintiff was under·sixteen years of age, to wit, fifteen years old, and was operating, by defendant's permission or direction, a sandpaper machine, in violation of the Child Labor laws of this State, which caused the injury. Defendant pleaded the general issue and specially that both parties were under the Workmen's Compensation Act of 1913. A demurrer to this special plea was sustained, and defendant elected to stand by its special plea.

If the parties were under the Compensation Act, this judgment cannot be sustained, for the trial court had no jurisdiction. If the parties are not within the act, the demurrer to the special plea was rightly sustained and the case was tried in the proper forum. A majority of this court is of the opinion that the parties were under the Compensation Act, and consequently the judgment cannot stand.

That the defendant is one of the class of employers included in the act is not in question.

By section 1 of the Act relating to the employment of children, in force July 1, 1897 (J. & A. ¶ 5307), no child under the age ·of fourteen years shall be employed in any manufacturing establishment or factory.

By section 11 of the Act of July 1, 1903, of the Child Labor Act (J. & A. ¶ 5317), the employment of children under the age of sixteen years to operate certain specified dangerous machinery is expressly forbidden. One of such machines mentioned in the act is a sandpaper machine. Both statutes prohibit the employment of any child under the age of fourteen years in such a factory as was operated by the defendant; and under both statutes it was lawful for the plaintiff, fifteen years of age, to be employed in such a factory, but not to work at the sandpaper machine. Under section 5 of the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(5)], among the persons defined as employees are "minors who are legally permitted to work under the laws of the State." Under the above statutes, and applying the words of the Compensation Act literally, plaintiff was "legally permitted to work" in defendant's factory.

It is argued that because at the time of the accident plaintiff was working at a machine which was forbidden to him by the statute, he was not a minor "legally permitted to work under the laws of the State." It is said that any other construction would open the door to violations of the statutes designed to safeguard children of any age in employment, and it is suggested in this connection that some employments, for instance farming, are open to children under fourteen years of age. It is not necessary for us to determine now whether this clause includes children under fourteen years of age. It is possible to discern a substantial distinction between the status of children wholly forbidden employment in a factory or similar place and those permitted to work in such places. It is difficult to see any substantial distinction between the status of eligible minors and of adults; both may lawfully work in a factory; both may not work at certain machines; adults may not work at machines con-

structed and operated contrary to the various safety regulations of the State; minors may not work at certain specified machines; the underlying purpose in both cases being safety. The status of employment is the same in both cases; the difference lies only in the details of the regulations for safety. We have laws relating to the guarding of dangerous machines, factories, hours of labor, occupational diseases, comfort and safety of employees. An adult employee injured through the violation of any of these regulations is still under the Compensation Act. By parity of reasoning a minor permitted to work in the same factory is under the act although injured through a violation of statute.

We are of the opinion that it is contrary to the spirit of the Workmen's Compensation Act to relate the amount of compensation to the precise act which occasioned the injury. The purpose of the act is to compensate for personal injuries speedily and economically, unrelated to any negligence or omission of legal duty, such compensation to be considered as part of the cost of production. "The Workmen's Compensation Act is an entire departure from the common law in regard to the relation of master and servant. It does not rest on the theory of negligence, but on the theory that the injuries to workmen and deaths caused by accidents in any business should be regarded as a part of the expense of the business and should be borne by the business." *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, 420.

We believe this was the manifest intention of the Legislature with reference to eligible minors. If it had been otherwise, it would have been very easy to have added after the words, "legally permitted to work under the laws of the State," restrictive words conditioning the work of minors to that special kind permitted to them. That this was not done impels to

the conclusion that the words were used with the intention to include minors in a lawful place of employment doing any kind of work.

In section 1 of the Workmen's Compensation Act of 1913 [Cal. Ill. St. Supp. 1916, ¶ 5475(1)] it is provided that every employee ''as a part of his contract of hiring * * * shall be deemed to have accepted all the provisions of this Act and shall be bound thereby.'' It is plausibly argued that as it was unlawful for plaintiff to work at a sandpaper machine, such work could not be the subject of a lawful contract of hiring; hence there is no contract and the act does not apply. But this might be said of any employment of minor or adult who works for an employer who fails to comply with the legal safety regulations in his place of business. This contention is aimed at the effectiveness of the Compensation Act, and if sustained would render it useless. We think this contention goes too far. If there is no contract, then the mutual duties between master and servant disappear, and employees would be unprotected either under the Compensation Act or at common law. Violation of law is no part of the contract of employment. The contract is for personal services at agreed wages, subject to the laws of the land.

The entire argument for plaintiff seems to be based upon a promise which, if established, would work great hardship to employees generally; logically pursued it would lead to the avoidance of the obligations of the Compensation Act by employers wherever there was noncompliance with the safety regulations imposed by statute, and we would have again with us the troublesome and unfair puzzles of assumed risk, contributory negligence, fellow-servant, and the like.

The only reported case, in point, of which we know is *Foth v. Macomber & Whyte Rope Co.*, 161 Wis. 549, in which the court construed these words we have been

considering, which are identical in the Wisconsin Compensation Act and ours. The reasoning in that opinion seems to us to be convincing and has influenced our conclusion. Counsel for plaintiff has not successfully distinguished that case from the case before us. The suggestion that the Illinois and Wisconsin laws differ with respect to eligibility of all minors for some work—to wit, agriculture—is based on error. The law is the same in both States, as appears in the additional opinion filed in the *Foth* case, in disposing of a petition for rehearing. The very point presented by counsel in this connection is there given attention. Referring to the words in question, the opinion says: "The office of this clause * * * is to constitute a reference by which the conditions ·and restrictions of the laws of the State relating to the employment of minors are intended to be incorporated in this act." We are in accord with this construction.

We hold that plaintiff and defendant here were under the Workmen's Compensation Act of 1913, and that the trial court did not have jurisdiction.

The judgment of the Superior Court is reversed.

*Reversed.*

MR. JUSTICE DEVER dissents.

SUPPLEMENTAL OPINION BY MR. JUSTICE McSURELY, UPON PETITION FOR REHEARING.

A petition for rehearing has been filed on behalf of plaintiff, which consists almost entirely of argument of points not heretofore presented for our consideration. This is in violation of the rules of this court.

However, our attention is now for the first time called to two cases bearing upon the question involved. The first of these is *Stetz v. F. Mayer Boot & Shoe Co.*, 163 Wis. 151. We think this case can be distinguished from the case before us in this, that in that case it appears the contract of employment was unlawful *ab initio*. This is not true of the case at bar; here the boy

was originally employed in the "repairing room oiling sticks," which is not prohibited work to a boy of his age. We are inclined to think that counsel has departed from the theory of his case as presented to us in his original brief and argument, and is attempting in his petition for rehearing to recast this theory into the form passed upon in the *Stetz* case, *supra*.

The other case is *Lostutter v. Brown Shoe Co.*, Gen. No. 6317, 203 Ill. App. 517. We are in accord with the statement of the dissenting opinion that the question of the repeal of our Child Labor Act is not involved.

While the opinions in these cases do not dissuade us from our opinion heretofore expressed, they emphasize the importance of having a final determination of the question involved by our Supreme Court; and to secure this we are ready to give assistance in any feasible way which may be suggested to us.

*Petition for rehearing denied.*