(No. 19537.—
THOMAS GILL, Appellee, *vs.* THE BOSTON STORE OF CHI-
CAGO, INC., Appellant.

*Opinion filed October 19, 1929—Rehearing denied Dec. 10, 1929.*

MOSES, KENNEDY, STEIN & BACHRACH, (HAMILTON MOSES, and WALTER BACHRACH, of counsel,) for appellant.

FINN & MILLER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Thomas Gill, a minor, by Austin Gill, his next friend, brought an action on the case in the superior court of Cook county against the Boston Store of Chicago, Inc., for personal injuries sustained by being run over by a delivery truck and recovered a judgment for $2000, from which the defendant has appealed to this court on the ground that by the court's construction of the provisions of section 2 of the Child Labor act of 1921, in connection with section 2 of article 2 and section 22 of article 4 of the constitution of Illinois, and section 1 of article 14 of the amendments to the Federal constitution, it has been deprived of its property without due process of law and has been deprived of the equal protection of the law, in violation of the mentioned sections of the respective constitutions.

The declaration charged that on September 13, 1923, the defendant was operating a mercantile establishment, institution or store in Chicago and was engaged in the sale and distribution of merchandise, and the plaintiff was a minor of the age of fifteen years and a short time prior was employed by the defendant as a helper on an automobile truck used by the defendant in the delivery of merchandise. The declaration then set out section 2 of the Child Labor act, declaring it unlawful to hire, employ or permit or suffer to work in or for or in connection with any mercantile institution, store or other specified kinds or places of business, any minor over the age of fourteen and under the age of sixteen years unless there is first procured and placed on file in such place an employment certificate issued in accordance with the requirements of the act. The declaration then averred that other sections of the statute provided for the issue of such employment certificate, but the defendant in violation of the statute neglected to procure any certificate; that its employment of the plaintiff was unlawful, and that while the plaintiff was riding on the truck in the performance of his duties he fell off and the truck ran over him, whereby he received the injuries complained of. A demurrer to the declaration was overruled, a plea of not guilty was filed, and upon a trial a verdict of guilty was rendered, assessing the plaintiff's damages at $2000.

The defendant objected to the introduction of any evidence under the declaration on the ground that the sole theory of the defendant's liability was that its failure to secure and keep on file a certificate of employment, in accordance with section 2 of the Child Labor act, of itself established its liability for the personal injuries received by the plaintiff in the course of his employment. The argument and the ruling of the court on this objection were reserved until the close of the plaintiff's case and the objection was then overruled. No negligence in the operation

of the truck was alleged or proved. The defendant introduced in evidence the plaintiff's application for employment stating that he was nineteen years old, was familiar with truck driving and lived with his parents, who were dependent on him for support. The evidence showed that the plaintiff was sixteen years old on September 26, 1923, that his application for employment stating that he was nineteen years old was made on August 22, 1923, and at that time he was five feet and six or seven inches tall, weighed 150 pounds and looked to be nineteen years old. Two other persons worked with him on the truck—the driver and another helper. The truck was loaded at the appellant's store by employees other than those working on it, so that it was ready to be driven from the appellant's barn on North Clark street, in Chicago, at eight o'clock in the morning. The territory in which deliveries were made by it extended from Highland Park on the south to Waukegan on the north, eighteen or twenty miles, and from the lake on the east to Waukegan road on the west, about seven and a half miles. The helpers on the truck carried the parcels of merchandise from the truck to the houses where they were delivered. The body of the car was inclosed and there was a cab in front. The helpers stood on the running-board. As the truck was passing along St John's avenue, in Highland Park, it crossed a bridge over a ravine, at the north end of which was a little gully or depression. The truck gave a bump, and the plaintiff, who was riding on the running-board, fell off and was run over.

The defendant tendered an instruction directing a verdict in its favor at the close of the plaintiff's evidence and again at the close of all the evidence, but the instruction was refused each time.

The Child Labor act was passed by the General Assembly in the exercise of its police power, for the protection of children against the risks of working in certain employments, against whose dangers they would probably be

unable or unlikely to protect themselves by reason of their immaturity, inexperience or heedlessness. While the act does not expressly declare that an employer who violates the act by employing a minor without complying with its terms shall be liable to an action for damages which the minor so employed may suffer by reason of his employment, nevertheless we have held in numerous cases that the employer is so liable. (*American Car Co.* v. *Armentraut,* 214 Ill. 509; *Strafford* v. *Republic Iron Co.* 238 id. 371; *Beauchamp* v. *Sturges & Burn Co.* 250 id. 303; *Rost* v. *Noble & Co.* 316 id. 357; *Newton* v. *Illinois Oil Co.* 316 id. 416; *Kowalczyk* v. *Swift & Co.* 329 id. 308.) In *Strafford* v. *Republic Iron Co. supra,* we said that "the fact that the statute under consideration does not in express terms provide a liability in damages for its violation, as is done by certain statutes relating to mines and miners, can make no difference under the construction given the statute in *American Car Co.* v. *Armentraut, supra.* The statute was enacted for the protection of the health and safety of children, and a liability for damages resulting from its violation is created whether it is expressly so declared in the statute or not." This decision was declared to accord with logic and reason and to be sustained by the weight of authority in *Beauchamp* v. *Sturges & Burn Co. supra,* and was followed in that case and the others which have been cited.

The appellant distinguishes these cases on the ground that in each of them the minor whose injuries were the basis of the suit was employed to do work expressly prohibited by the Child Labor law for the purpose of protecting the health, morals and safety of the children from the dangers inherently present in such occupations, while in the present case the employment of the plaintiff was unlawful only because of the failure of the appellant to procure a certificate of employment as required by section 2 of the Child Labor law, and this requirement was not enacted by the legislature for the purpose of protecting the

health and persons of the minors from injury while employed but only to reinforce the provisions of the Compulsory Education law. The propositions on which the appellant bases its contentions for a reversal of the judgment are, that the employment of the plaintiff by the defendant without an employment certificate did not proximately cause the plaintiff's injuries, and that consequently the imposition of an absolute liability on the defendant by section 2 of the Child Labor law would constitute a taking of its property without due process of law; that section 2, in imposing on the defendant as a condition of the plaintiff's employment the procurement of an employment certificate without imposing the same condition upon other employers of helpers on delivery trucks, would deny to the defendant the equal protection of the laws; that section 2, properly construed, did not require the defendant to procure an employment certificate as a condition of its employment of the plaintiff.

The appellant assumes that the prohibition of the employment of minors between the ages of fourteen and sixteen years in, for or in connection with the kinds of business mentioned in section 2 is merely ancillary to the compulsory attendance features of the School law, and was not designed by the legislature to protect such children from any hazards of employment or as a safeguard of the lives, persons, health, morals and the physical, mental and moral development and welfare of such children. This assumption cannot be sustained. The title to the act is, "An act to amend 'An act concerning child labor and to repeal an act entitled, 'An act to regulate the employment of children in the State of Illinois, and to provide for the enforcement thereof,' approved May 15, 1903, in force July 1, 1903." (Laws of 1921, p. 435.) If the primary purpose of the legislature in the passage of this act was to amend the School law by providing for the enforcement of its provisions in regard to attendance, it seems strange that no

mention was made of that subject and that purpose in the title. Not a suggestion appears. The subject is child labor pure and simple, the provisions relate to the employment, for wages, of children under sixteen years of age, and no duty is imposed upon any officer or person in regard to school attendance. The references to schools, school attendance and school records are only as an assistance in the administration of the Child Labor law and are purely incidental to that purpose. The act concerns children under sixteen years of age, and by section 10 entirely prohibits their employment in many specifically named occupations or in any employment which the department of labor finds to be dangerous to their lives or limbs or where their health may be injured or their morals depraved. Section 1 provides that no minor under fourteen years of age shall work for wages when school is in session, or before seven o'clock in the morning or after six in the evening, or more than eight hours in one day or six days in one week, or be employed to work at any gainful occupations in, for or in connection with any theater, concert hall or place of amusement, or in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, mill, cannery, factory or workshop; provided that this section shall not be construed to prevent any minor under the age of fourteen years from doing voluntary work of a temporary and harmless character for compensation when school is not in session. Section 2, which was set out in the declaration, prohibited the employment of any minor over the age of fourteen and under the age of sixteen years in, for or in connection with any theater, concert hall or place of amusement, or in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, mill, cannery, factory or workshop, unless there is first procured and placed on file in such place an employment certificate issued in accordance with the requirements of the act. Sections 4 and 5 provide that the certificate of employment shall be

issued only by the superintendent of schools or some person authorized by him in writing and only upon personal application, after examination and approval of (*a*) the applicant's school record; (*b*) a certificate of physical fitness signed by a physician appointed by the municipal health department, the board of education or other local school authority, stating that the minor has been thoroughly examined by the physician at the time of his application for an employment certificate and is physically qualified for the employment specified in the statement submitted in accordance with the requirements of section 5; (*c*) proof of age; and (*d*) a statement signed by the prospective employer, or by someone duly authorized on his behalf, stating that he expects to give such minor present employment, and setting forth the character of the same and the number of hours per day and of days per week which said minor shall be employed. Section 6 requires the certificate to be issued in triplicate, one copy to be mailed to the prospective employer, one to the proper officer of the department of labor and the third to be filed in the issuing office, and provides the form of the certificate, containing the clause "that the above named minor is physically fit to do the work specified in the statement submitted in accordance with the requirements of section 5 of the aforesaid act." By other sections the administration of the act is committed to the department of labor, whose special duty it is made to enforce the provisions of the act and prosecute all violations of it.

The act is one of many acts of the same kind passed by most of the States for the protection of children whom it renders incapable of entering into the relation of master and servant and releases from the contractual effect arising out of that relation. "The integrity of such statutes has been upheld under the police power of the State, and they should not be declared unconstitutional unless required by the most cogent reasons or compelled by unanswerable

grounds." (*Kowalczyk* v. *Swift & Co. supra.*) "Children under sixteen years of age are wards of the State and are pre-eminently fit subjects for the protecting care of its police power. This power is an inherent attribute of sovereignty, and may be exercised to conserve and promote the safety, health, morals and general welfare of the public. The liberty and property of the individual citizens are held subject to such reasonable conditions as the State may deem necessary to impose in the exercise of this power. Such regulations and conditions will not fall within the inhibition of the fourteenth amendment unless they are palpably arbitrary, extravagant and unreasonably hurtful and unnecessarily and unjustly interfere with private rights. *Barbier* v. *Connolly,* 113 U. S. 27; *Mugler* v. *Kansas,* 123 id. 623; *In re Kemmler,* 136 id. 436; *Crowley* v. *Christensen,* 137 id. 86." *Inland Steel Co.* v. *Yedinak,* 172 Ind. 423.

The appellant insists that the failure to secure the certificate of employment was not the proximate cause of the injury to the appellee, and that therefore the imposition of an absolute liability for an injury which was not proximately caused by the act of the defendant amounted to a taking of its property without due process of law, and counsel seek to make a distinction between the absolute prohibition of employment in certain occupations and the conditional prohibition of employment in certain other occupations. There is no distinction material to the question. The prohibition of employing the plaintiff without the securing and posting of a certificate of employment was as positive as the prohibition of his employment in one of the occupations dangerous to life and limb specified in section 10 and is attended by the same consequences  The employment is in either case equally unlawful, and if injury occurs in consequence of the unlawful employment the employer is liable for the damages. The statute prohibited the plaintiff's employment without the statutory certificate and created an absolute duty not to employ him unless the certificate was

secured. Non-performance of this duty resulting in injury to another may be pronounced to be negligence as a matter of law, (*Terre Haute and Indianapolis Railroad Co.* v. *Voelker,* 129 Ill. 540,) and we have held in the cases cited that a liability is created, whether specially so declared or not, for the violation of this statute. Clearly, the appellee's unlawful employment was the proximate cause of his injury. It not only occurred in the course of his employment but arose out of it. In riding on the running-board, according to the customary method in delivering parcels from the truck, he was jolted off when the truck struck a depression in the road and received his injury. The injury having occurred in the course of the appellee's service under an unlawful employment was enough in itself to show a causal connection, and the law will refer the injury to the original wrong as its proximate cause. (*Grand Rapids Trust Co.* v. *Peterson Beverage Co.* 219 Mich. 208.) The statute was manifestly intended to prohibit the employment of a child between fourteen and sixteen years of age at work which it was physically unable to do and made the certificate of employment the only evidence of the child's ability to do the work. (*Buffum* v. *Woolworth,* 221 Mo. App. 345.) The cause of action is for the violation of the statute, and it is not a defense to show that the child had the physical qualifications to do the work. The prohibition of employment of all children under sixteen years is absolute in the absence of a certificate of employment and all other evidence is immaterial. Compliance with the act is the only possible justification. (*Krutlies* v. *Bulls Head Coal Co.* 249 Pa. 162; *Louisville, H. & St. L. Railway Co.* v. *Lyons,* 155 Ky. 396; *Wlock* v. *Fort Dummer Mills,* 98 Vt. 449; *Stetz* v. *Mayer Boot and Shoe Co.* 163 Wis. 151.) This action is for the breach of a statutory duty and is not based on negligence, and the rules in regard to negligence, contributory negligence, negligence of a fellow-servant and assumed risk do not apply. *Rost* v.

80

*Noble & Co. supra; Newton* v. *Illinois Oil Co. supra; Louisville, H. & St. L. Railway Co.* v. *Lyons, supra; Krutlies* v. *Bulls Head Coal Co. supra; Stetz* v. *Mayer Boot and Shoe Co. supra; Wlock* v. *Fort Dummer Mills, supra.*

The appellant contends that under section 2 no certificate was required for the employment of the appellee as a helper on a delivery truck. The appellant was conducting a store in Chicago. The statute made it unlawful for it to employ a boy under sixteen years of age without an employment certificate to work in the store, for the store or in connection with the store. The appellee was employed to help in the delivery of goods from the store by means of a truck. The truck was loaded at the store and the appellee had nothing to do with the loading. His duties were to accompany the truck to assist in the delivery of the parcels by carrying them from the truck to the houses to which they were to be delivered. This work was all done several miles from the building in which and from which the business of the store was conducted. The appellant's contention is that the expression "to work in or for or in connection with any theater, concert hall or place of amusement or any mercantile institution, store," etc., means to work in the buildings in which any work of the theater, concert hall, mercantile institution, etc., is performed. Counsel cite the case of *Sutherland* v. *Rockford and Interurban Railway Co.* 165 Ill. App. 80, which held that the Child Labor law of 1903 applied only to the employment of children in inclosed places where any labor was performed and not to the employment of children outside of inclosed places. The statute of 1903 referred to employment of children in any mercantile institution, store, etc., while the statute of 1921 refers to employment in or for or in connection with the mercantile institution, store, etc. Whether or not the language of the act of 1903 was meant to refer only to the houses or buildings in which the varieties of business and occupations mentioned were conducted,

it seems reasonably certain that the legislature, by the change of language in the act of 1921, intended to broaden the scope of the section. "In or for or in connection with" was intended to mean more than merely "in." The additional words were no doubt used with knowledge of the construction the Appellate Court had given the section and were intended to refer to the business conducted rather than the places in which labor is performed. The truck on which the appellee worked was certainly engaged in the business of the store, and he was working for the store and in connection with the store. No good reason appears for wresting the words from their natural meaning to make them express something else. The appellant's delivery superintendent testified that the appellee applied for a position with the Boston Store and he employed him. The evidence shows that the appellee was working for the appellant in Highland Park when he was injured.

The appellant contends that to enforce a liability against it because of its employment of the appellee without a certificate of employment would deprive it of the equal protection of the laws, because other persons not owning or operating stores or other establishments of the kind mentioned in section 2 could employ boys over fourteen and under sixteen years to work outdoors on delivery trucks without procuring employment certificates. The rule, of course, is recognized that the legislature may not arbitrarily select a class of individuals and subject them to peculiar rules or impose upon them special obligations from which other persons are exempt. The appellant is only one of numerous classes of employers who are subject to the requirement of procuring a certificate of employment if they desire to employ boys under sixteen years of age to work. It is suggested that there may be persons engaged in business of another kind than those mentioned in section 2 who may desire to employ children under sixteen years of age and who would be exempt from the necessity of secur-

ing a certificate of employment. Who these possible employers may be and what the kinds of business may be in which they are engaged is not stated. It must be borne in mind that the employment of children of tender years not only endangers their lives and limbs but may hinder and dwarf their growth and development physically, mentally and morally. The State is vitally interested in the protection of the lives, persons, health and morals of its future citizens, and the length to which it may go in providing measures for the physical, moral and intellectual growth and well being of its helpless and dependent wards is a question of expediency and propriety which it is the province of the legislature to determine. (*Inland Steel Co. v. Yedinak, supra.*) Whether an evil exists is a question for the legislature to determine and what means should be adopted to prevent it. The legislative determination will not be interfered with unless clearly in violation of constitutional limitations. (*People v. Stokes,* 281 Ill. 159; *People v. Elerding,* 254 id. 579; *People v. McBride,* 234 id. 146.) The legislature may consider degrees of evil and is not bound to pass a law to meet every exigency. (*People v. Stokes, supra.*) The legislature is not bound, in order to support the constitutional validity of its regulation, to extend it to all cases which it might possibly reach. It may recognize degrees of harm and may confine its restrictions to those classes of cases where need is deemed clearest. If a law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied. *Keokee Consolidated Coke Co. v. Taylor,* 234 U. S. 224; *Miller v. Wilson,* 236 id. 373; *Carroll v. Greenwich Insurance Co. of New York,* 199 id. 401; *Stewart v. Brady,* 300 Ill. 425.

Among other cases the appellant has cited and relied on *Steel Car Forge Co. v. Chec,* 184 Fed. 868, construing the Child Labor law of Indiana, holding that the purpose of the legislation concerning children between the ages of

fourteen and fifteen years was to force all children under the age of sixteen years to attend the public schools and finding no causal relation between the employment and the injury; *Lindell* v. *Stone*, 77 N. H. 582, giving the same construction to the Child Labor law of that State; and *Platt* v. *Southern Photo Material Co.* 4 Ga. App. 218, construing similarly the Georgia law. The first two of those decisions are based upon the holding that the statute being construed was passed to compel attendance on the public schools, for the mental advancement and not the physical protection of the children. The last decision is based upon the proposition that the act prohibiting the employment of a boy over twelve and under fourteen years of age without filing an affidavit as to his age to be kept on file subject to the inspection of the grand jury was not passed for the benefit of the child. The Georgia statute is so different from ours as to make the decision wholly inapplicable, and we do not agree with the conclusion or the reasoning of the other two.

We hold that the prohibition contained in section 2 of employment without securing an employment certificate is absolute; that its purpose is the protection of the lives, persons, health, well-being and physical and mental development of children under sixteen years of age; that the appellant's unlawful employment of the appellee was the proximate cause of the appellee's injury; that the appellant was liable to an action upon the statute for the damages suffered by the appellee; that the appellant's property has not been taken without due process of law and that it has not been deprived of the equal protection of the law.

The judgment is affirmed. *Judgment affirmed.*