### Frank Frorer et al. v. Daniel Baker, Jr.

1. CONTRIBUTORY NEGLIGENCE—*when no defense.* Contributory negligence is no defense to an action brought by a minor for personal injuries arising by reason of the violation by the defendant of the provisions of section 11 of the Child Labor Act.

2. CHILD LABOR ACT—*what violation of, confers right of action.* The failure of a corporation to require the production by a minor of an age and school certificate, as provided by section 4 of the Child Labor Act confers a right of action where such child is injured in the employ of such corporation.

3. PERSONAL INJURIES—*who not liable for.* An agent of a corporation is not to be held personally liable for personal injuries merely because he is an agent; he must have been so connected with the tortious act complained of that he would be personally liable without regard to the liability of the corporation.

Action in case for personal injuries. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

KING & MILLER, for appellants.

BEACH, HODNETT & TRAPP and BLINN & COVEY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee, a minor, by his guardian and next friend,

brought an action on the case against David H. Harts, Frank Frorer, Emma Harts, David H. Harts, Jr., Walter Puterbaugh, Anna Frorer Puterbaugh, and the Lincoln Mining Company, to recover damages for a personal injury. Thereafter appellee dismissed his suit as to all of the defendants except the appellant Frank Frorer and the Lincoln Mining Company, and a trial by jury resulted in a verdict and judgment against said appellants for $4,000.

The cause was submitted to the jury upon the second and third counts of the declaration, the first count having been withdrawn at the close of appellee's evidence. The *gravamen* of the second count of the declaration is the employment by the defendants of appellee, a minor, over fourteen, and under sixteen years of age, without requiring the production of an age and school certificate as provided in sections 4 and 5 of the Child Labor Act, and of the third count that appellee was required to work in a place which was dangerous to life and limb, in violation of the provisions of section 11 of the same Act.

On October 31, 1905, Frank Frorer and D. H. Harts, co-partners, operating certain coal mines, a tile works and brick yard, under the name of the Lincoln Coal Company, leased said property to the Lincoln Mining Company, a corporation, in which all of the individuals originally named as defendants were stockholders. Frorer was manager of the lessee corporation, having authority to hire and discharge all employes, to fix their wages, to purchase all machinery and supplies, and to exercise a general supervision over all the affairs of the company. Appellee, a minor, aged fifteen years in September, 1906, was, on June 26, 1906, employed by George Esders, foreman of the tile works as a laborer, and was, thereafter, directed by said Esders to work in the hopper of a clay crusher. The hopper, constructed of wood, was about three feet square and about fifteen inches deep. At the bottom

of the hopper were steel rollers or crushers which re-
volved, and through which the clay passed as it was
carried therein upon an endless belt operated by ma-
chinery. At the end of the hopper opposite the point
where the clay was discharged into it, was a seat,
located about eighteen inches above the steel rollers
where appellee was required to sit and pick out stones
and other refuse material in the clay as it was dis-
charged into the hopper by the endless belt. For this
purpose appellee was provided with a pair of large
iron tongs. On the left side of the hopper at the upper
inside edge, was nailed a 2 x 4 timber for use as a
foot rest for the left foot of appellee, and on the right
side of the hopper was a board about one foot in width
for his right foot to rest upon. A few inches in front
of the seat and at a height of 21½ inches above the
seat, there extended horizontally a 4 x 6 beam.

The evidence tends to show that the only practicable
way in which appellee could leave his seat on the hop-
per, was by putting both arms around the 4 x 6 beam,
and while his right foot was resting on the board and
left foot on the 2 x 4 strip, lifting himself to an up-
right position and climbing over the beam onto the
platform at the left of the hopper, and thence to the
ground.

The evidence as to the conduct and position of appel-
lee at the time he received the injury complained of
is conflicting. That offered on behalf of appellee tends
to show that on July 2, 1906, as he was attempting to
arise from his seat, in the manner above stated, for the
purpose of getting a drink of water and filling a bucket
with drinking water for the use of the other employes,
his left foot slipped off the 2 x 4 strip and was drawn
into the steel rollers and crushed, so that it became
necessary to amputate his leg above the ankle, while
that offered on behalf of appellants tends to show that
appellee was standing over the hopper throwing clods
of clay at another boy when his foot slipped. It is

not controverted that the .2 x 4 strip on the left side of the hopper had become very slippery by reason of constant use and the accumulation of clay upon it and that the edge of the strip was somewhat rounded off, so that it did not afford a safe footing.

A careful consideration of the evidence leads us to the conclusion that the jury were not unwarranted in finding that the accident occurred in the manner and under the circumstances testified to by appellee.

That the character of the employment in which appellee was engaged (and this, of necessity, includes a consideration of the means afforded him to get to and from his seat on the hopper) was one that might reasonably be considered dangerous to his life and limb, is too obvious to merit discussion. The employment of appellee at such work by the appellant corporation was in violation of section 11 of the Child Labor Act, and that corporation is liable to respond in damages to appellee for the injury sustained by him, notwithstanding he may have been guilty of negligence contributing to such injury. American Car Co. v. Armentraut, 214 Ill. 509.

It is urged on behalf of appellants that the failure to require the production by appellee of an age and school certificate as provided by section 4 of the Child Labor Act, as charged in the second count of the declaration, does not render them liable to respond in damages for the injuries sustained by appellee because the failure to produce such age and school certificate cannot be considered the proximate cause of the injury; that there is no relationship of cause and effect between the omission to require the production of such certificate and the injury received by appellee. Section 4 of the Child Labor Act provides that no child under 16 and over 14 years of age shall be employed in any * * * manufacturing establishment * * * unless there is first produced and placed on file in the place where such child is employed, an age and school

certificate prescribed by subsequent sections of the act. The inhibition against the employment of children under sixteen and over fourteen years of age, unless there is first produced and placed on file the required age and school certificate, is just as imperative as the inhibition against the employment of children under sixteen years of age at work which may be considered dangerous to their lives and limbs. It is the employment under the circumstances specified that is prohibited by the statute and made unlawful. If the appellant corporation had not employed appellee in violation of the statute appellee would not have received the injury complained of, and his unlawful employment, therefore, may not improperly be regarded, *prima facie* at least, as the proximate cause of his injury. In Morris v. Stanfield, 81 Ill. App. 264, the court had under consideration the construction of sections 77 and 80 of the Criminal Code which provided that it should be unlawful for any person, firm or corporation to employ any child under thirteen years of age except when a school board gives a certificate that an aged or infirm relative is dependent upon such child, and that no person, firm, or corporation should employ any child under the age of thirteen years, in any store, factory or manufacturing establishment, by the day, or any period of time greater than one day, unless such certificate should be furnished. In that case after quoting from T. H. & I. R. Co. v. Voelker, 129 Ill. 555, as follows: "A statute commanding an act to be done, creates an absolute duty to perform such act, and the duty of such performance does not depend upon and is not controlled by surrounding circumstances. Non-performance of such statutory duty, resulting in injury to another, may therefore be pronounced to be negligence as a conclusion of law," the court said: "If the non-performance of a statutory duty resulting in personal injury to another is negligence in law, the doing of something prohibited by statute resulting in personal

injury to another must also be negligence in law.
There is then no error in stating in the instructions
that the employment of a child under the age of thir-
teen, without a certificate from a school board, is neg-
ligence.''

Perry v. Tozer, 97 Northwestern, 137 was an action
to recover damages for a personal injury received by
a child under the age of sixteen years, in a saw mill,
where he was employed without a certificate from a
superintendent of schools or a member of a school
board as to his special qualifications, in violation of
the provision of a statute of the state of Minnesota.
After discussing the purposes to be served by the en-
actment of the statute, the Supreme Court of Minne-
apolis said: ''From the investigation we have made
of the reasons for the statute upon which the instruc-
tion of the trial court was based; we have reached the
conclusion that the certificate which the school au-
thorities are to give upon their examination of an in-
fant was intended to secure educational advantages to
the subjects of legal solicitude, and likewise to vest in
the school officials the power to determine, in the exer-
cise of wise judgment, whether, from the intelligence
and capacity of such infant, it would be reasonably
safe for him to engage in dangerous occupations. The
failure to obtain this certificate was a violation of the
statute and entitled the plaintiff to a remedy for the
negligent acts of defendant. Hence it was proper to
give effect to the conceded disregard of the law, and,
where an injury is within the mischief of the statute,
it is not easy to see how less weight could be given to
the statute than was expressed by the instruction of
the trial court, which makes the violation of the law,
with consequent injury from the dangerous machinery
in use in defendant's mill, *prima facie,* but not conclu-
sive, of plaintiff's right to recover.''

While the testimony of the witness Marvin, to the
effect that he drove nails in the hopper for his feet to

rest upon, several years before the injury to appellee, was improperly admitted, we do not think the error in that regard was such as would demand a reversal of the judgment.

If the judgment in this case was against the appellant, Lincoln Mining Company, only, it might, with propriety, be affirmed, but the record discloses no right of recovery against the appellant Frorer and the judgment must, therefore, be reversed.

Without here attempting a discussion of the refined distinctions sought to be drawn between malfeasance, misfeasance and nonfeasance as applied to acts of omission or commission by an agent, it is sufficient to say that an agent of a corporation is not to be held personally liable merely because he is such agent, but he must be so connected with the tortious act that he would be personally liable for his wilful act or negligent conduct, without regard to the liability of the corporation. Mechem on Agency, secs. 539-540; Baird v. Shipman, 132 Ill. 16; Ellis v. So. Ry. Co., 2 L. R. A., N. S., 378; Mayer v. Thompson-Hutchison Co., 28 L. R. A. 433, and exhaustive note.

Appellee was not employed by Frorer, but by Esders, the foreman of the tile works, in the employ of appellant corporation, and there is no evidence in the record tending to show that Frorer had any knowledge of the employment of appellee, or that he knew appellee was working in the tile works in any capacity. In the absence of any evidence connecting Frorer with negligence alleged in the declaration, there can be no recovery against him, and the peremptory instruction to the jury to find him not guilty should have been given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice PUTERBAUGH took no part in the consideration of this case.