Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of FRANCES M. HERBOLD, Respondent, in Behalf of Herself and Minor Son, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, LOUIS HERBOLD, *v.* CHARLES NEFF, Employer, and MARYLAND CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, March 8, 1922.

Workmen's Compensation Law — deceased was bartender at time of injury causing death — award cannot stand as deceased was engaged in illegal business of selling intoxicating liquors.

An award for the death of a bartender in a saloon, which was being run at the time of the injury to the decedent in violation of the law against the selling of intoxicating liquors, cannot stand, for the occupation in which the decedent was engaged was, at the time of the injury, unlawful.

APPEAL by the defendants, Charles Neff and another, from a decision and award of the State Industrial Board, made on the 31st day of May, 1921, affirming a prior award of the State Industrial Commission, made on the 8th day of February, 1921.

*James J. Mahoney* [*Frank J. McMann* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

The employee, for whose death an award has been made to the claimants, was employed as a bartender in a saloon conducted by his employer. While washing a bottle which was used at the bar he sustained a cut from the breaking of the bottle, and thereafter died from an infection which set in at the site of the cut. The business of the employer was hazardous provided four or more workmen or artisans were employed by him. He employed a general manager, a chauffeur, a porter and three bartenders. The point taken by the appellants is that bartenders are neither workmen nor artisans within group 45 of the Workmen's Compensation Law,* and, therefore, could not be counted to make up the necessary four. There is a more vital objection to the award. The employer testified as follows: " Q. What was your business at that time? A. I was in the wine business. Q. That is, you ran a saloon? A. Wine and beer. Q. You ran a saloon and wine store? A. Yes." A " saloon " is defined to be " a place where intoxicating liquors are sold and drunk; a grog shop." (Century Dictionary; Webster New International Dictionary.) It follows that the occupation of the deceased was that of a bartender in a saloon selling intoxicating liquors. The accident occurred in December, 1919. It is a fact familiar to all that at the time of the accident the sale of intoxicating liquors was unlawful.† The deceased and his employer were, therefore, engaged in an unlawful occupation. This court cannot lend its aid to the enforcement of any claim growing out of a contract of employment one of the purposes of which is the violation of a law of the land making the sale of intoxicating liquors a criminal offense. Therefore, the award cannot stand.

The award is reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed, with costs.

---

* See § 2, group $45^2$, as added by Laws of 1918, chap. 634.— [REP.

† See National Prohibition Act, 41 U. S. Stat. at Large, 305, chap. 85; Id. 308, chap. 85, tit. 2, § 3.— [REP.