[Civ. No. 10395. First Appellate District, Division Two.—March 17, 1937.]

MASSACHUSETTS BONDING AND INSURANCE COM-PANY, Petitioner, v. INDUSTRIAL ACCIDENT COM-MISSION, DOROTHY COOK et al., Respondents.

584

W. N. Mullen for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

SPENCE, J.—Petitioner seeks the annulment of several awards made by the respondent commission in favor of the remaining respondents.

The several applicants before the commission had suffered injuries in a fire in a night club known as the Club Shamrock. Said applicants were employed either as entertainers or in other capacities at said night club. Petitioner claimed that said applicants were engaged in illegal employments. The commission stated in its findings with respect to the case of respondent Dorothy Cook that "No finding is made upon the issue of illegal employment for the reason that it appears that the employee would not be excluded thereby from coverage, even though such employment had been illegal." In each of the other cases, the commission made a finding that "The evidence is insufficient to establish that applicant's employment was illegal."

The claim of illegality of employment now appears to be directed solely against those employed as entertainers. It is based upon the fact that the evidence showed that it was the duty of said entertainers, while not engaged in singing or dancing in the floor show, to act as "hostesses" and to encourage the patrons to purchase alcoholic beverages. In the case of Dorothy Cook, the evidence clearly showed that she was so employed on a commission basis, receiving a percentage of the amount spent for beverages by the patrons for whom she acted as "hostess". In the cases of the other entertainers, the evidence was not so clear, but owing to the conclusion that we have reached, we deem it unnecessary to discuss such testimony.

Section 303 of the Penal Code provides that it shall be unlawful *"to employ* upon the premises where the alcoholic beverages are sold any person for the purpose of procuring or encouraging the purchase or sale of such beverages, *or to pay* any person a percentage or commission on the sale of such beverages for procuring or encouraging such purchase or sale". (Italics ours.) It will be noted that said section is directed at the acts of the employer and not at the acts of the employee. No statute has been called to our attention which expressly makes it unlawful for the employee to accept such employment or to accept such payment.

In discussing the question of illegality of employment, petitioner contends (1) that the uncontradicted evidence showed that said entertainers were illegally employed; (2) that if said entertainers were illegally employed they were not entitled to the benefits provided in the Workmen's Compensation Act; (3) that an insurance policy purporting to cover persons so illegally employed, would be void as against public policy and (4) that the failure of the employer to disclose the nature of the employment to the insurance carrier "prevented a true meeting of minds and the existence of a valid contract".

We will assume, solely for the purposes of this discussion, that the uncontradicted evidence showed that said entertainers were illegally employed in the sense that their employment constituted a violation of section 303 of the Penal Code on the part of their employer. Despite this assumption we are nevertheless of the opinion that said employees were entitled to the benefits provided in the act.

Prior to 1917, there was no provision of our Workmen's Compensation Act relating to this subject. A review of the authorities in the several states shows that there had been much diversity of opinion as to the effect of so-called illegal or unlawful employment. The question had arisen in such cases as those involving contracts for the employment of minors made in violation of law, contracts of employment requiring work on Sunday in violation of law and contracts of employment made in violation of the provisions of the civil service laws. Section 8 (a) of our act was amended in 1917 to read: "The term 'employee' as used in sections 6 to 31 inclusive, of this act shall be construed to mean: Every person in the service of an employer as defined by section 7 hereof under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including minors, whether lawfully or unlawfully employed . . . " (Stats. 1917, chap. 586.) This amendment was apparently designed to set at rest such questions as the one before us, but petitioner insists that the clause "whether lawfully or unlawfully employed", as found in said amendment, must be interpreted as qualifying only the phrase "and including minors", and not as qualifying the other phrases preceding it. The most that can be said is that some doubt may exist as to the intention of the legislature as expressed in said amendment and therefore this court, in interpreting said amendment, must be guided by section 69 (a) of the act, which provides: "Whenever this act, or any part or section thereof, is interpreted by a court, it shall be liberally construed by such court with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment." We therefore conclude that the phrase under discussion qualified all that preceded it in said section. This view that the illegality of employment, under the facts before us, did not deprive the employee of the benefits of the act finds further support in a recent work in which it is said: "It is not a defense to liability, or a bar to the jurisdiction of the commission, to show that the injured person was a minor, illegally employed in violation of the Child Labor Law, or that the civil service, or other law, was violated." (Campbell on Workmen's Compensation, sec. 492.)

■ Petitioner argues that such interpretation of the amendment necessarily leads to the conclusion that if the employer hired a person "to act as gunman and rob the patrons or dynamite the building of a competitor", such employee would be entitled to compensation in the event of injury. We cannot agree that this conclusion necessarily follows. As we view the situation, the amendment is intended to cover those cases in which the contract of employment is unlawful merely because of some provision of law dealing with such contracts of employment and is not intended to cover cases where the contract of employment is unlawful for the reason that it requires the employee to perform acts constituting violations on his part of the express provisions of our penal statutes. The supposititious cases mentioned by petitioner are in line with the cases cited by petitioners in which it was held that bartenders, employed and subsequently injured during the prohibition era, were not entitled to compensation. (*Snyder* v. *Morgan*, 9 N. J. Misc. 293 [154 Atl. 525]; *Herbold* v. *Neff*, 200 App. Div. 244 [193 N. Y. Supp. 244]; *Swihura* v. *Horowitz*, 215 App. Div. 740 [212 N. Y. Supp. 926].) But in each of said cases the contract of employment required the employee to do acts constituting violations on his part of the express provisions of the penal statutes while here, section 303 of the Penal Code merely deals with the contract of employment and, as pointed out above, it is directed solely at the employer and not at the employee. We therefore conclude that our Workmen's Compensation Act, imposed upon the employer the obligation to pay to said employees the benefits provided in said act even though said employer violated said section 303 in employing said employees.

■ We are further of the opinion that petitioner's above-mentioned contentions with respect to the invalidity of the insurance contract are likewise without merit. The petitioner agreed with the employer "to pay promptly to any person entitled thereto under the Workmen's Compensation Law . . . the entire amount of any sum due . . . to any such person because of the obligation for compensation . . . imposed upon . . . this employer under . . . the Workmen's Compensation Law". It is further agreed that the "Workmen's Compensation Law . . . shall be and remain a part of this contract as fully and completely as if written herein".

Under the act, the employer was under obligation to pay compensation benefits to employees "whether lawfully or unlawfully employed" and there was nothing in the insurance contract which purported to limit the coverage to those lawfully employed. It appears to be the declared policy of the act to require the employer to secure the payment of compensation to all persons entitled thereto (secs. 29, 30 and 31), and it cannot be said that an insurance contract covering all persons entitled to compensation under the act is void as against public policy where a contrary policy is expressed in the act itself. As the insurance contract by its terms covered all employees "whether lawfully or unlawfully employed" and as said contract was not against public policy, it follows that the mere failure of the employer to volunteer the information to the insurance carrier that he had employed or might subsequently employ persons contrary to section 303 of the Penal Code would not be sufficient to invalidate the contract.

The petitioner makes the further contention that the insurance contract was invalid because the assured represented himself to be the sole owner of the business, whereas petitioner claims that the evidence shows that the assured was but one member of a copartnership owning said business. It is sufficient to state with respect to this contention that there was ample evidence to support the commission's findings to the effect that the assured was the sole owner of said business.

The awards are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.