[Civ. No. 12693. First Dist., Div. Two. Nov. 20, 1944.]

GRACE LEONG, Appellant, v. POSTAL TELEGRAPH-CABLE COMPANY (a Corporation), Respondent.

Hilary H. Crawford for Appellant.

Francis R. Stark, Homer Brockett and Keith & Creede for Respondent.

SPENCE, J.—Plaintiff, who was the mother of Leland Eng, a deceased minor, brought this action against defendant company, which was the employer of the deceased minor, seeking to recover damages for the death of said minor. Defendant demurred to plaintiff's amended complaint upon the ground

that the complaint did not state facts sufficient to constitute a cause of action and upon the further ground that the court had no jurisdiction of the subject of the alleged action. Defendant's demurrer was sustained without leave to amend and judgment was thereupon entered in favor of defendant. Plaintiff appeals from said judgment.

In our opinion the trial court's ruling must be affirmed upon the ground that the court had no jurisdiction of the subject of the action and we shall therefore confine our discussion to the jurisdictional question.

█ It is conceded that the allegations of the amended complaint affirmatively showed that the deceased minor was employed by defendant and that his death arose out of and in the course of the employment when he was run over by a truck and killed while engaged in delivering a message for said defendant. Under these circumstances the general rule is that the parent of the deceased minor does not have a cause of action against the employer to recover damages for the death of the minor under section 376 of the Code of Civil Procedure as the provisions of said section 376 are superseded by the provisions of the law relating to workmen's compensation which make the remedy before the Industrial Accident Commission "the exclusive 'remedy against the employer for the injury or death." (Lab. Code, §§ 3600, 3601; *Gerini* v. *Pacific Employers Ins. Co.*, 27 Cal.App.2d 52 [80 P.2d 499] ; *McLain* v. *Llewellyn Iron Works,* 56 Cal.App. 58, 60 [204 P. 869].) This general rule has been held applicable regardless of whether the surviving parent was or was not dependent upon the deceased minor. (*Treat* v. *Los Angeles Gas etc. Corp.,* 82 Cal.App. 610 [256 P. 447].)

█ Plaintiff contends, however, that "The Workmen's Compensation Act does not apply here for the reason that the employment was unlawful." Plaintiff points to the allegations in her amended complaint showing that the minor was under the age of sixteen years, being of the age of fourteen years and seven months, and that he was employed by defendant to deliver messages in the city and county of San Francisco, being a city of more than 15,000 inhabitants. It may be conceded that the allegations of the amended complaint were sufficient to show that the employment of said minor was unlawful under the provisions of section 1297 of the Labor Code but we do not believe that these allegations

were sufficient to render inapplicable the general rule above mentioned which makes the remedy before the Industrial Accident Commission the exclusive remedy against the employer.

Section 3351 of the Labor Code provides, " 'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, *whether lawfully or unlawfully employed, and includes: (a) Aliens and minors. . . ."* (Italics ours.) We had occasion to deal with similar language in *Massachusetts etc. Co.* v. *Industrial Acc. Com.*, 19 Cal.App. 2d 583 [65 P.2d 1349]. That case did not involve the unlawful employment of a minor but it did involve the unlawful employment of persons in violation of section 303 of the Penal Code. We there referred to the diversity of opinion in the authorities in the several states concerning the effect of so-called illegal or unlawful employment and we expressed the view that the 1917 amendment to section 8(a) of the Workmen's Compensation Act (Stats. 1917, chap. 586) had been enacted to set at rest the question of whether minors and other persons, whose employment was unlawful "merely because of some provision of law dealing with such contracts of employment," were entitled to compensation benefits and came within the exclusive jurisdiction of the Industrial Accident Commission. In that case it was urged that said 1917 amendment was intended to apply only to minors who might be unlawfully employed and we held that under the liberal construction which should be adopted, the amendment should be held to apply to other persons as well.

When the affirmative allegations of the amended complaint in the present case are read in the light of the above mentioned authorities, we see no escape from the conclusion that the exclusive remedy against the employer for the death of the deceased minor was in a proceeding before the Industrial Accident Commission and that the trial court was without jurisdiction to entertain an action against the employer for damages for such death. Plaintiff points to section 1303 of the Labor Code which imposes a misdemeanor penalty not alone upon the employer but also upon any parent or guardian of a minor who is illegally employed but we cannot attach any significance in this discussion to the provisions of that section. Plaintiff also cites and relies upon several authori-

ties from other jurisdictions but none of the cited cases was decided under statutory provisions similar to those found in section 3351 of the Labor Code. We are therefore of the opinion that the trial court committed no error in sustaining defendant's demurrer without leave to amend.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.