(No. 30487.—)

FRED CARMACK *et al.,* Appellees, *vs.* GREAT AMERICAN INDEMNITY COMPANY, Appellant.

*Opinion filed March 18, 1948.*

CLARENCE W. HEYL, of Peoria, for appellant.

CHIPERFIELD & CHIPERFIELD, of Canton, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiffs, Fred Carmack and Junior Carmack, partners, doing business as Carmack's Super Market, brought suit in the circuit court of Fulton County against the Great American Indemnity Company, plaintiffs' insurance carrier, to recover an amount paid under the Workmen's Compensation Act by the plaintiffs to an injured employee. The plaintiffs recovered judgment, which was affirmed in the Appellate Court for the Third District, and a certificate of importance was granted for appeal to this court.

The plaintiffs are engaged in operating a supermarket, and had employed one Glenn E. Jarrett, under sixteen years of age, who, while in the course of his employment, sustained an injury from which he died on April 30, 1943. The mother, who was partially dependent upon his earnings, made claim under section 7(c) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1947, chap. 48, par. 144,) which provides for additional compensation awards in case of the injury or death of minors. After negotiation it was agreed a lump-sum settlement should be paid the mother, which for an adult would be $1200, but by reason of the provisions of the statute amounted to $1800. The plaintiffs and the insurance company discussed their respective liabilities, and the latter claimed it was required to pay only $1200 of the amount, and that the remainder, being a penalty, should be sustained by the employer. In order to dispose of the matter promptly, the insurance company paid $1200, and the employer $600, and stipulated that neither party waived any rights by the payment or the acceptance of the $600.

The complaint sets forth these facts in apt language, the insurance policy is attached as an exhibit, and the allegation is made that the insurance company had agreed to pay promptly to any person entitled thereto the entire amount of any sum due such person, because of the obligation of the plaintiffs to pay compensation to injured em-

ployees, as provided by law; and that by virtue of said policy the insurance company was indebted to the plaintiffs in the sum of $600, so paid by them. The insurance company filed a motion to dismiss, which was overruled, and then filed an answer in which the provisions of the policy are admitted, but the claim is made that under a proper construction of same the defendant was required to pay only ordinary compensation, and was not required to pay the additional amount where the employee was illegally employed, and that such additional amount was to be paid solely by the employer, and therefore denied that it is liable to pay the $600 excess compensation.

The pertinent provisions of the insurance policy are as follows:

"The Company Does Hereby Agree * * *

I.(a) To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

(2) For the benefit of such person the proper cost of whatever medical, * * * services, * * *.

I.(b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America," etc.

The policy also contains this further provision:

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein."

The allegations of the complaint would seem to indicate that the plaintiffs' claim is under I(a)(1), but appellant's theory is that recovery can be claimed only under I(b), and recovery thereunder is barred because the employee was illegally employed. The complaint is somewhat indefinite and does not specify the particular provision of the policy upon which it relies, and neither did the motion to dismiss specify the particular insufficiency of the complaint, as required by section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 169.) Hence, under the provisions of section 42 (3) of the Civil Practice Act, (par. 166,) all defects of form or substance in the pleading are waived by parties.

It appears quite clearly from the stipulation that the disagreement between the parties was as to the liability for $600, being the fifty-per-cent excess compensation provided in case of minors. The pleadings indicate, and it is not disputed, that the insurance company declined to pay this amount, and, to expedite the settlement approved by the Industrial Commission, $1200 was paid by the insurance company and $600 by the plaintiffs, and all rights of the parties reserved to determine the actual liability.

The Workmen's Compensation Act is a part of the insurance contract, and its provisions must be examined to ascertain its meaning. Section 5 (Ill. Rev. Stat. 1947, chap. 48, par. 142,) provides that minors are within its terms, by specifying they come within the term "employee," in the following language: "and minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor," etc. Section 7 provides: "(i) In case the injured employee is under sixteen years of age at the time of the accident and is illegally employed, the amount of compensation payable * * * shall be increased fifty per centum." Section 11 provides that the compensation required by law shall be the responsibility

of the employer, and section 26 requires that all policies of insurance insuring the payment of compensation "shall cover all the employees and the entire compensation liability of the insured, and any provision in such policy, or in any endorsement attached thereto, attempting to limit or modify in any way, the liability of the insurance carriers issuing the same shall be wholly void."

Considering the construction claimed for paragraph I(b) of the policy, the question is raised as to what effect the alleged illegality of the employment has upon the employer's right of recovery from the insurance company, where the latter has failed to pay the additional compensation. The Workmen's Compensation Act is a part of the insurance carrier's contract, and in this case the policy expressly so provides. The act provides that a minor may be an employee. (par. 142.) It provides he shall receive fifty per centum excess compensation in case of an injury. The statute provides the employer may have his risk covered by an insurance carrier. (par. 163.) The insurance must cover the employer's entire liability. (par. 163(3).) Anything in the policy which limits this liability is void. (par. 163.) From the foregoing it is evident the right of the injured minor, or his representative, to increased compensation may not be limited in the carrier's policy.

The Workmen's Compensation Act also provides (par. 143,) that the injured minor need not rely upon compensation, but may within six months elect to sue at law, thus giving him an option of two remedies. However, when the insurer issues its policy it knows that the minor is entitled, if injured, to fifty per cent increased compensation; that he may lawfully become an employee under the compensation statute, and that the insurer covenants to pay the entire liability of the employer. The act providing for this increased compensation for a minor has been held not against public policy, (*Landry* v. *Shinner & Co.* 344 Ill. 580,) and we are therefore forced to the con-

clusion that, if the minor does not elect to sue at law, he may legally claim under the Workmen's Compensation Act, and that the additional compensation provided in case of his injury is not imposed as a penalty because of unlawful employment, but additional compensation within the public policy of the State.

There has been a diversity of opinion in the different jurisdictions upon this particular question, and among those cited by appellant tending to support its contention are the Virginia decisions. (*Miller Mfg. Co.* v. *Aetna Life Ins. Co.* 150 Va. 495, 143 S.E. 747; *Ocean Accident & Guarantee Corp.* v. *Washington Brick & Terra Cotta Co.* 148 Va. 829, 139 S.E. 513.) Other jurisdictions hold the other way. In *Stuart* v. *Spencer Coal Co.* 307 Mich. 685, 12 N.W. 2d 443, the compensation law contained an excess compensation provision. The employee sued both the employer and the insurance company. In that case the insurer claimed it was liable for only the regular compensation, and that the excess was the employer's liability as a penalty for employing a minor. The court held that both the employer and the insurance company were liable for the full amount. In commenting upon this provision the court said: "We need not speculate on whether the legislature intended by this provision to penalize the employment of minors, as claimed by appellant, or whether the legislature had in mind a greater need for compensation by a minor under 18 years of age because of a lesser earning capacity, a longer life period or a crippling condition, or for some other reason. The statute plainly refers to the payment as compensation and we see no impelling reason for calling it otherwise."

To like effect is *Massachusetts Bonding and Ins. Co.* v. *Industrial Accident Com.* 19 Cal. A. 2d 583, 65 Pac. 2d 1349, where, in discussing a claimed illegal employment, the court says: "Under the act, the employer was under obligation to pay compensation benefits to employees 'whether law-

fully or unlawfully employed' and there was nothing in the insurance contract which purported to limit the coverage to those lawfully employed. It appears to be the declared policy of the act to require the employer to secure the payment of compensation to all persons entitled thereto, * * * and it cannot be said that an insurance contract covering all persons entitled to compensation under the act is void as against public policy where a contrary policy is expressed in the act itself." These two last-mentioned decisions are more in accord with our construction of the Workmen's Compensation Act. We have held that the provision in our present law is not against public policy, and we think that, when compensation is claimed under the act, that which may be lawfully claimed cannot be declared a penalty. Our opinion that the provision giving additional compensation to minors is not a penalty in the strict and primary sense is supported by high authority. In *Huntington* v. *Attrill*, 146 U.S. 657, 36 L. ed. 1123, the court held that the test whether a law imposed a penalty or remedy was to ascertain whether the wrong sought to be redressed was a wrong to the public or a wrong to the individual.

In the present case the increased compensation is to be paid to the person injured, but in case of the public wrong the penalty, under the statute then in force, was a fine of not less than $5 nor more than $25. (Ill. Rev. Stat. 1943, chap. 48, par. 29.) In the present instance, since the additional compensation is to be received by the injured minor or his representative, the law must be construed as remedial and not as penal. The language in the policy relied upon, *viz.*, "legally employed," as applied to compensation cases, is contrary to the requirements of the act. Under the provisions of section 26 it is not a part of the bond, and it must be regarded as void, so that provision I(b) reads as though it were not contained within it.

Appellees contend that regardless of the construction

of paragraph I(b) they have a right to recover under paragraph I(a), *viz.*, "To Pay Promptly to any person entitled thereto, under the Workmen's Compensation Law." The position of appellant that no recovery may be had under this section is not supported by any authorities cited by it. It is true that this suit may not be based upon the precise promise of I(a), but a recovery is authorized for a breach of the promise when it results in damage. The contract in this case is made between the plaintiffs and the insurance company. By clause I(a) the insurance company promised the employer it would promptly pay any person entitled thereto what was due under the Workmen's Compensation Act. It did not promise to pay only those lawfully employed, but to pay, to any person entitled thereto under act, the entire amount of any sum due. This particular sum of $600 was due the representative of Jarrett, deceased. The insurance company did not pay it, and hence it made a breach of its contract with plaintiffs. It has been held that the promisee of a third-party-beneficiary contract may bring suit for a breach of that contract and recover damages therefor. *Meyer* v. *Hartman,* 72 Ill. 442; *Ingram* v. *Ingram,* 172 Ill. 287; Restatement of the Law of Contracts, sec. 136.

A case almost parallel in point is that of *St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co.* 201 U.S. 173, 50 L. ed. 712. There a policy was given to the plaintiff to protect him against bodily injury inflicted by him upon third parties. An injury occurred to a third party and the insurance company refused to defend. Thereupon the plaintiff settled out of court, and sued to recover the amount paid by way of settlement. The insurer was held liable for breach of contract, the court holding: "In general, when one party, by his fault, prevents the other party to a contract from entitling himself to a benefit under it according to its terms, the former

is liable for the value of that benefit, less the value or cost of what the plaintiff would have had to do to get it. In this case the plaintiff had nothing more to do or to pay after it had been compelled to satisfy the claim against it. And therefore, on general principles, it would be entitled to demand the whole amount which the jury might find that it would have received had the contract been performed."

In *Kinnan* v. *Hurst Co.* 317 Ill. 251, where the insured was insolvent and the injured party was permitted to sue in the name of the employer for recovery for breach of contract, the court quoted the exact language used by the *St. Louis Dressed Beef & Provision Co. case.* The recovery was allowed in the right of the insured, and the amount applied to the injured party by creditor's bill.

We are satisfied that there was a liability upon the part of the insurance company both under clause I(a) for an amount the injured employee could have recovered, and likewise under clause I(b) where, as we have pointed out above, the fifty-per-cent overallowance for injured minors is remedial and not by way of penalty.

Counsel have been diligent in the citation of authority from other States, but, where neither the policy of such State in such regard is shown or the same provision of law construed, we do not deem general language concerning the effect of penalties should control the obvious policy reflected in the Workmen's Compensation Act of this State.

The judgment of the Appellate Court for the Third District is affirmed. *Judgment affirmed.*