**Nathan GINSBERG, a minor by Sam Ginsberg, his father and next friend, Plaintiff-Appellant,**

v.

**COCA–COLA BOTTLING CO., OF CHICAGO, INC., Defendant-Appellee.**

**No. 13090.**

United States Court of Appeals Seventh Circuit.

Jan. 3, 1961.

Leonard J. Braver, Chicago, Ill., for appellant.

Richard C. Bleloch, Chicago, Ill., Robert A. Wiacek, Charles G. Levy, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and MAJOR and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

This action was brought to recover damages for injuries to a minor, under the age of 16 years, allegedly sustained through the negligence of the defendant, his employer. Plaintiff asserts (inter alia) that he was illegally employed in that no employment certificate was secured as required by § 9 of the Child Labor Act,[1] and hence he was entitled

1. "Except in occupations specifically exempted by Section 2, [not applicable here] no minor under sixteen (16) years of age shall be employed, permitted or suffered to work in any gainful occupation unless the person, firm or corporation employing such minor procures and keeps on file an employment certificate." [Ch. 48, § 31.9, Ill.Rev.Stats.] § 6 of the Act, on Time Records, provides in part: "It shall be unlawful for any person, firm or corporation to hire or employ or to permit or suffer to work in or for or in connection with any of the gainful occupations mentioned in section 1, any minor between the ages of fourteen (14) and sixteen (16) years

unless there is first procured and placed on file on the premises where the work is being done, employment certificates issued as hereinafter provided and accessible to the authorized officers or employees of the Department of Labor and to the truant officers or other school officials charged with the enforcement of the compulsory education law." [Ch. 48, § 31.6, Ill.Rev.Stats.] § 1 of the Act reads: "No minor under sixteen years of age at any time shall be employed, permitted or suffered to work in any gainful occupation in connection with any theatre, concert hall or place of amusement, or any mercantile institution, store, of-

to reject the benefits of the Workmen's Compensation Act of Illinois.[2]

Defendant moved to dismiss the action on the ground that facts stated in the complaint show that plaintiff was lawfully employed during school vacation period as specifically authorized by Ch. 48, § 31.1, Ill.Rev.Stats.

It is defendant's position that employment of a minor without certificate exposes the employer to certain penalties under Ch. 48, § 31.19 or § 138.7, Ill.Rev.Stats.,[3] but does not render the employment unlawful, and that plaintiff's sole remedy, therefore, is under the Workmen's Compensation Act.

Plaintiff's complaint was dismissed for want of jurisdiction, and this appeal followed.

The statute involved in Frorer v. Baker, 1907, 137 Ill.App. 588, cited by plaintiff, was similar to that now in effect. Sec. 4 of the Child Labor Act provided that no child under sixteen, and more than fourteen years of age, be employed in any manufacturing establishment unless the required certificate be produced. The Court in the Frorer case stated that the character of the employment was obviously one which might reasonably be considered dangerous to life and limb. The Court there held that the certificate requirement was just as imperative as the inhibition of employment of such children in dangerous work, saying (at page 592):

"It is the employment under the circumstances specified that is pro-

---

fice, hotel, laundry, manufacturing establishment, mill, cannery, factory or workshop, restaurant, lunch rooms, beauty parlors, barber shop, bakeries, coal, brick or lumber yard, or in any type of construction work within this state; provided, that minors between fourteen and sixteen years of age may be employed, permitted, or suffered to work outside school hours and during school vacations but not in dangerous or hazardous factory work or in any occupation otherwise prohibited by law or by order or regulation made in pursuance of law." [Ch. 48, § 31.1, Ill.Rev.Stats.]

2. "Any illegally employed minor or his legal representatives shall * * * have the right within 6 months after the time of injury or death, to file with the Commission a rejection of his right to the benefits under this Act, in which case such illegally employed minor or his legal representatives shall have the right to pursue his or their common law or statutory remedies to recover damages for such injury or death." [Ch. 48, § 138.5, Ill.Rev.Stats.]

3. "Whoever employs or permits or suffers any minor to be employed or to work in violation of this Act, or of any order or ruling issued under the provisions of this Act, or obstructs the Department of Labor, its inspectors or deputies, or any other person authorized to inspect places of employment under this Act, or who fails to comply with the provisions of Sections 5 and 6 of this Act, [posting of hours and time records] and whoever having under his control or custody any minor, permits or suffers him to be em-

ployed or to work in violation of this Act, shall be punished by a fine of not less than Twenty-five Dollars ($25.00) or more than Two Hundred Dollars ($200.00) or by imprisonment in the county jail for not to exceed sixty (60) days or by both such fine and imprisonment. Each day during which any violation of this Act continues shall constitute a separate and distinct offense, and the employment of any minor in violation of the Act shall, with respect to each minor so employed, constitute a separate and distinct offense." [Ch. 48, § 31.19, Ill.Rev.Stats.]

"(h) In case the injured employee is under 16 years of age at the time of the accident and is illegally employed, the amount of compensation payable under paragraphs (a), (b), (c), (d) and (f) of this Section shall be increased 50%.

"Nothing herein contained shall be construed to repeal or amend the provisions of the 'Child Labor Law', approved June 30, 1945, as subsequently amended, [Secs. 31.1 et seq. of this Chapter] relating to the employment of minors under the age of 16 years.

"Provided, however, that where an employer has on file an employment certificate issued pursuant to the 'Child Labor Law' or work permit issued pursuant to the Federal Fair Labor Standards Act, as amended, or a birth certificate properly and duly issued, such certificate, permit or birth certificate shall be deemed conclusive evidence as to the age of the injured minor employee for the purposes of this Section only." [Ch. 48, § 138.7, Ill.Rev.Stats.]

hibited by the Statute and made unlawful."

In Roszek v. Bauerle & Stark Co., 1918, 282 Ill. 557, 118 N.E. 991, L.R.A.1918F, 207, a plaintiff, fifteen years old, sued in the Superior Court of Cook County, to recover damages for injuries in a manufacturing plant. The defendant there contended that plaintiff could not maintain his action at law because the parties operated under the Illinois Workmen's Compensation Act. On appeal, judgment for plaintiff was reversed for lack of jurisdiction in the Superior Court on the ground that plaintiff's sole remedy was under the Workmen's Compensation Act. The Child Labor Act then in effect, (¶ 20c Hurd's Stat.1916, p. 1239) provided that no child under sixteen years and over fourteen years of age should be employed in manufacturing plants (among others) unless an age and school certificate was produced and placed on file. In the Roszek case, the minor was working on a sandpaper machine. The Act provided that no child under sixteen years of age was to be employed in operation of such a machine. Penalties were provided for violations of the Act. The plaintiff in the Roszek case, who had not elected not to be bound by the Workmen's Compensation Act, contended that he was not an "employee" because he was not legally permitted to work at such employment. The Illinois Supreme Court held that plaintiff could have been legally employed in the plant (though not at the sandpaper machine), but that he could not have been legally employed without the requisite permit, and as no such permit was acquired, he was not an "employee" within the terms of the Workmen's Compensation Act (¶ 2, § 5, Hurd's Stat.1916, p. 1274) which embraced only such "minors who are legally permitted to work under the laws of the state." The judgment of the appellate court was reversed. The Illinois Supreme Court stated (282 Ill. at page 561, 118 N.E. at page 992) that plaintiff was "only legally permitted to work upon obtaining the permit required by the Child Labor Law."

Similarly in Messmer v. Industrial Board, 1918, 282 Ill. 562, 118 N.E. 993, the Court held that a minor between fourteen and sixteen years might have been legally employed in the bakery in which he was injured, although not at the dangerous machine he was operating, but could not be legally employed without the statutory permit, and hence was not entitled to recover under the Workmen's Compensation Act.

Gill v. Boston Store, 1929, 337 Ill. 70, 168 N.E. 895 concerned Art. 2, § 2, Child Labor Act of 1921, which declared it unlawful to employ a minor over fourteen but under sixteen years of age in a mercantile store unless a certificate was procured. Plaintiff, fifteen years old, was employed without certificate, as a helper on a delivery truck. No negligence was proved. The Trial Court refused an instruction directing a verdict in favor of defendant. Defendant appealed from judgment for plaintiff. The Illinois Supreme Court noted that the Act did not expressly state that an employer who violated its terms was liable to an action for damages, but added that, nevertheless, the Court had so held in numerous cases.

The defense sought to distinguish those cases as involving children employed in prohibited, inherently dangerous work. Defendant argued that the prohibition of employment in connection with the store delivery service was merely ancillary to the compulsory school attendance features of the law. The Court did not agree. The Court saw no distinction between absolute prohibition of employment in certain occupations and conditional employment in others. In holding that employment without a certificate and employment in prohibited dangerous occupations were equally unlawful, the Court said that there was an absolute duty not to employ the minor unless a certificate was secured; that non-performance of this duty resulting in injury could be considered negligence as a matter of law.

Defendant invites our attention to the case of Scarpelli v. Travelers Indemnity Co., 7 Cir., 1957, 248 F.2d 791, to show that the Workmen's Compensation and Child Labor statutes must be construed together. In that case, the insured Scarpellis brought action against their insurer for declaration of rights under a public liability policy, which excluded employees of the Scarpellis. The Circuit Court of Cook County had entered summary judgment against the Scarpellis, in favor of Joseph Chavez, who at fifteen years of age had been employed by the Scarpellis in operation of power machinery, in violation of the Illinois Child Labor Act, S.H.A. Ch. 48, § 31.1 et seq. Joseph Chavez had filed a written rejection of his right to benefits under the Illinois Workmen's Compensation Act, S.H.A. Ch. 48, § 138.1 et seq., and had filed his common law action in the Circuit Court of Cook County. The Circuit Court of Cook County held that Joseph Chavez was illegally employed, injured in the course of such illegal employment, and entitled to recover such damages as might be assessed on the nature and extent of his injury.

The Scarpellis then filed their action in the District Court against Travelers Indemnity Co., whose motion to dismiss was sustained. The Scarpellis appealed to this Court. Travelers contended that, although illegally employed, Joseph Chavez was an "employee" within the exclusion clause of the policy.

The late Judge Parkinson, speaking for this Court, summarized the development of the law in Illinois. Prior to 1927, an illegally employed minor could sue at common law for injuries arising out of his employment. In 1918, in the Roszek case, he had been held not to be an "employee" within the meaning of the Workmen's Compensation Act of 1913. In 1927, the Illinois Workmen's Compensation Act was amended to include minors. In 1931, that Act was again amended to allow rejection of benefits thereunder by illegally employed minors who could then maintain their actions at law. Thus Judge Parkinson concluded that a contract of employment of a minor in violation of the Illinois Child Labor Act was a void contract unenforceable by either party, but a minor thus employed was still an "employee" as defined by the Illinois Workmen's Compensation Act, and thus within the exclusion clause of the policy in suit.

Defendant also relies on Carmack v. Great American Indemnity Co., 1947, 332 Ill.App. 354, 363, 75 N.E.2d 521, affirmed 1948, 400 Ill. 93, 78 N.E.2d 507, 1 A.L.R. 2d 402. The Carmacks sued their insurer to recover $600. The Carmacks had illegally employed a fifteen year old boy, without securing the statutory certificate. The boy died of injuries sustained in the course of his employment. Pursuant to stipulation, the insurance company had paid the minor's dependent surviving mother $1200, the minimum award payable under the Illinois Workmen's Compensation Act, and the Carmacks had paid her an additional $600 because of the circumstances of the boy's employment, in satisfaction of a lump sum settlement approved by the Illinois Industrial Commission. In this case, the Carmacks had admitted that the deceased was illegally employed. The insurer argues that it was liable to pay the additional $600 only if the Carmacks had failed to do so, but that having paid this penalty due only because of the illegality of the employment, the Carmacks should not, as a matter of public policy, be allowed to recover from their insurer.

In connection with this argument, the Court said that the 50% increased compensation was not essentially penal in nature; that the interest of society under the Compensation Act was in prompt payment; and that enforcement of the Child Labor Act might be better carried out by the sanctions therein provided rather than through bartering of compensation awards.

It appears to us that neither case supports defendant's view.

We conclude that the allegations of the complaint do not show want of jurisdiction in the District Court and that plaintiff's complaint was erroneously dismissed.

Defendant also contended that plaintiff failed to allege employment in a hazardous or prohibited occupation, but merely asserted such employment as a legal conclusion without supporting factual allegation. We do not reach this issue.

The decision of the Court below is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.