[No. F013945. Fifth Dist. Apr. 14, 1992.]

UP-RIGHT, INC., Cross-complainant and Appellant, v.
WILLIAM JOSEPH VAN ERICKSON et al., Cross-defendants and
Respondents.

COUNSEL

Wunsch & George, Armen L. George, Baker, Manock & Jensen and Mark W. Snauffer for Cross-complainant and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, Matthew K. Hawkins and Michael G. Woods for Cross-defendants and Respondents.

OPINION

BEST, P. J.—

## STATEMENT OF THE CASE

This litigation arose out of a personal injury complaint filed by Mark DaFonte against cross-complainant Up-Right, Inc. (Up-Right). While DaFonte was employed by cross-defendant William Van Erickson (Van Erickson), he injured his arm on a piece of farm equipment manufactured by Up-Right. DaFonte was 15 years old at the time of the injury.[1]

The cross-complaint at issue, filed by Up-Right against Van Erickson, seeks apportionment of fault, indemnity, and declaratory relief. Van Erickson filed a demurrer to this cross-complaint on the ground that Labor Code[2] section 3864 bars any recovery by Up-Right against Van Erickson, the injured worker's employer, in the absence of a written indemnity agreement. Since the existence of such an agreement was not alleged in the cross-complaint, the trial court sustained the demurrer.

 Up-Right contends that under the circumstances of this case, i.e., "an employer who *flagrantly* violates numerous child protection laws, resulting in serious injury to an *illegally* employed fifteen (15) year old," the workers' compensation laws should not limit the employer's liability. Up-Right argues that Van Erickson's exploitation of child labor in violation of the law caused Van Erickson to "step outside his statutorily protected employer status."

## DISCUSSION

When an employee is injured in the course of employment, the resolution of any claims he has against his employer is governed by the Workers'

---

[1] Up-Right has requested we take judicial notice of our file in the underlying action. However, since review of that file is not necessary to the resolution of the issue presented here, we deny this request.

[2] All further statutory references are to the Labor Code unless otherwise indicated.

Compensation Act. (§ 3200 et seq.) (*Chase Chemical Co.* v. *Hartford Accident & Indemnity Co.* (1984) 159 Cal.App.3d 229, 237 [205 Cal.Rptr. 469].) "Thereunder, an employer's liability for compensation benefits exists without regard to fault (§ 3600), and, with certain limited exceptions, the right to recover workers' compensation benefits under section 3600 is the employee's exclusive remedy against his employer. (§§ 3601, 3602.)" (*Ibid.*)

This system balances the advantage to the employer of immunity from liability at law against the detriment of relatively swift and certain compensation payments. (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 474 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) "Conversely, while the employee receives expeditious compensation, he surrenders his right to a potentially larger recovery in a common law action for the negligence or willful misconduct of his employer." (*Ibid.*) Thus, the enhanced compensation under section 4553 (the amount is increased by one-half where the employee is injured by reason of the serious and willful misconduct of the employer) is the sole remedy against the employer where the employee is injured as the result of a deliberate failure to assure that the physical environment of the work place is safe. (*Johns-Manville, supra,* at p. 474.)

Section 3864 eliminates the employer's liability for equitable or implied indemnification of a third party tortfeasor. (*Pacific Gas & Elec. Co.* v. *Morse* (1970) 6 Cal.App.3d 707, 713 [86 Cal.Rptr. 7].) That section provides:

"If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury." The Legislature enacted this section because implied indemnity imposed a greater burden on the employer than was contemplated under the workers' compensation system. (*Chase Chemical Co.* v. *Hartford Accident & Indemnity Co., supra,* 159 Cal.App.3d 229, 237.) Otherwise, the employer's protection of a limit on the economic consequences of claims made under the system could be easily circumvented.

Here, Up-Right did not allege in its amended cross-complaint that a written indemnity agreement existed. Thus, section 3864 bars Up-Right's recovery against Van Erickson. Nevertheless, Up-Right contends Van Erickson's violation of the child labor laws, i.e., criminal conduct, should create an exception to section 3864's indemnification prohibition. Analogizing this case to *Johns-Manville Products Corp.* v. *Superior Court, supra,* 27 Cal.3d

465, Up-Right argues Van Erickson stepped outside his statutorily protected employer status by virtue of these alleged criminal acts and therefore should be liable to Up-Right for indemnity.

In *Johns-Manville Products Corp.*, the court held the employee stated a tort cause of action against his employer when he alleged his employer fraudulently concealed from him that he was suffering from a disease caused by ingestion of asbestos, thereby preventing the employee from receiving treatment. Thus, there was a cause of action for aggravation of the disease, as distinct from the hazards of the employment which caused the employee to contract the disease. Workers' compensation was the exclusive remedy for that initial injury. (27 Cal.3d at p. 477.) Thus, it was this fraudulent concealment which caused the employer to step outside of its protected role and subject itself to an action at law. (*Chase Chemical Co.* v. *Hartford Accident & Indemnity Co., supra,* 159 Cal.App.3d at p. 239.)

Applying this line of reasoning to the instant case, Up-Right would have to show that Van Erickson lost his protected role as an employer by virtue of his violation of the child labor laws and consequently would have been liable to DaFonte, the injured employee, in an action at law. However, it has been held that violations of the child labor laws do not take a case outside the workers' compensation scheme.

In *Leong* v. *Postal Telegraph-Cable Co.* (1944) 66 Cal.App.2d 849 [153 P.2d 204], plaintiff, the mother of the deceased minor, sued the minor's employer for wrongful death. The minor was under 15 years old at the time of his death and had been employed to deliver messages in San Francisco. Plaintiff argued workmen's compensation (now called workers' compensation) should not apply to bar her recovery because the employment of her son was unlawful under the child labor laws. However, despite the employment of the minor being unlawful, the court held workmen's compensation provided the exclusive remedy. The court relied on section 3351 which provides that, for purposes of workers' compensation, "employee" means every person in the service of an employer, whether lawfully or unlawfully employed, and includes minors. The court found the fact that criminal penalties could be imposed for violating the child labor laws had no bearing on its conclusion. (*Leong, supra,* at pp. 850-851.)

Thus, even assuming the allegations of the amended cross-complaint are sufficient to show that Van Erickson engaged in criminal conduct, such criminal conduct did not render workers' compensation inapplicable. Consequently, there is no basis for excusing Up-Right from the requirement of a

written indemnity agreement under section 3864. The trial court properly sustained Van Erickson's demurrer without leave to amend.[3]

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

Vartabedian, J., and Buckley, J., concurred.

A petition for a rehearing was denied May 12, 1992, and appellant's petition for review by the Supreme Court was denied July 9, 1992. Mosk, J. was of the opinion that the petition should be granted.

---

[3]In a supplemental letter brief and at oral argument, Up-Right cited the recent opinion of our Supreme Court in *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083 [4 Cal.Rptr.2d 874, 824 P.2d 680] in support of its contention that Van Erickson's alleged violation of the child labor laws precludes applying section 3864 to this case. Up-Right's reliance on *Gantt* is misplaced. There, the Supreme Court addressed the question of whether an employee who was terminated in retaliation for supporting a coemployee's claim of sexual harassment could state a cause of action against his employer for tortious discharge against public policy and, if so, whether the exclusive remedy provisions of the Workers' Compensation Act barred the action. Although holding the plaintiff-employee's claim was actionable and not preempted by the workers' compensation law, the decision in *Gantt* is not authority for an exception to section 3864's requirement for a written indemnity-agreement whenever allegations of criminal conduct in violation of public policy are made against the employer by a third party tortfeasor. Unlike here, the plaintiff-employee in *Gantt* was injured by misconduct which could not be deemed " 'a risk reasonably encompassed within the compensation bargain.' " (1 Cal.4th at p. 1100.)